333 A.2d 477

COMMONWEALTH of Pennsylvania

v.

James SIMMS, Petitioner.

Supreme Court of Pennsylvania.

Feb. 11, 1975.

Samuel J. Reich, Mark L. Glosser, Cooper, Schwartz, Diamond & Reich, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Peter Foster, Asst. Dist. Attys., Pittsburgh, for appellee.

## OPINION

PER CURIAM:

And now, this 11th day of February, 1975, the petition for allocatur is granted, the order of the Superior Court affirming the judgment of sentence is reversed 228 Pa. Super. 85, 324 A.2d 365, and a new trial is awarded. See *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974) and *Commonwealth v. Rose*, 457 Pa. 380, 321 A. 2d 880 (1974).

JONES, C. J., filed a dissenting opinion.

ROBERTS, J., filed a concurring and dissenting opinion.

JONES, Chief Justice (dissenting).

I dissent. It is my belief our holding in *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880, 885 (1974),

should not apply to the affirmative defense of insanity. (*See* my concurring opinion in *Rose* 457 Pa. at 393, 321 A.2d at 886, and *Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970).) Even if the new evidentiary rule expressed therein is extended, it should not be given retroactive effect.

ROBERTS, Justice (concurring and dissenting).

It is apparent that the Superior Court decided this case without the benefit of our decisions in *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (July 1, 1974), and *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (July 1, 1974). See *Commonwealth v. Simms*, 228 Pa.Super. 85, 324 A.2d 365 (June 21, 1974). Therefore, in the interest of orderly appellate procedure, I would vacate the order of the Superior Court and remand to that court for reconsideration in light of *Rose* and *Demmitt*.