344 A.2d 877
**COMMONWEALTH of Pennsylvania**
v.
**Roy WILLIAMS, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 25, 1974.

Decided Oct. 3, 1975.

William H. Platt, Asst. Public Defender, Allentown, for appellant.

George J. Joseph, Dist. Atty., J. V. Huber, Allentown, for appellee.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

On the evening of June 19, 1971, Roy Williams, the appellant, stabbed his wife to death. He was convicted by a jury of murder in the first degree for that slaying. Post-verdict motions were denied and a sentence of life imprisonment imposed. Williams has appealed from the judgment of sentence.

The Commonwealth's uncontradicted evidence established that on the evening in question the appellant was

seated in his automobile in a parking lot across the street from the apartment of his estranged wife's sister and her husband, Mr. and Mrs. Robert Craig. At approximately 10:15 p. m., the appellant's wife, Kathleen Williams, drove into the same lot and parked her automobile. With her in the car was one Kenneth Hughes. Hughes and Mrs. Williams were intending to go to a drive-in theater with the Craigs. To signal their arrival, Mrs. Williams sounded her automobile horn. At this point, the defendant pulled his own car alongside his wife's and alighted from his car. Williams then attempted to enter his wife's car but found the car door locked. He thereupon jumped onto the hood of her car, broke through the windshield by lashing at it with a large knife, and stabbed at his wife. Mrs. Williams was able to elude the knife, and with Hughes, escaped from the car and fled down a sidestreet. Williams followed and quickly overtook his wife, grabbed her and began stabbing her in the back, neck and head.

Twice the stabbing was interrupted by men who attempted to stop the appellant; one, Robert Craig, was frightened away when Williams brandished the knife at him; the other man, Patrick Ferguson, backed off when he was cut on the hand by the appellant. After cutting Ferguson, Williams fled, leaving his wife to die from her numerous wounds. His arrest was accomplished early the next day.

■■ At trial, Williams' defense was insanity. In addition to taking the stand himself, Williams called two psychiatrists and a psychologist to testify concerning his mental condition and capacity. At the conclusion of the taking of testimony, the appellant submitted several points for charge relative to the defense of insanity. One of these was accepted with modifications, but the others were refused. We have concluded that the refusal

of one of those points was prejudicial error, and that a new trial must be had.[1]

 Appellant's eighth point for charge was as follows:

"The prosecution, in a criminal case, is required to prove all the elements of a crime beyond a reasonable doubt. Therefore, the Commonwealth must prove, in addition to the other elements of the charges, that the Defendant, at the time of his incident was sane, i. e., that he knew the nature and consequences of his acts (that he knew what he was doing) and that he knew it was wrong to do so."

While the trial judge fully and properly charged the jury on the reasonable doubt standard and on the ingredients of the insanity defense in *M'Naghten* terms, *Commonwealth v. Demmitt*, 456 Pa. 475, 481, 321 A.2d 627, 631 (1974), he also instructed the jury that the defendant "has the burden to show by a fair preponderance of the evidence that he had an unsound mind at the time of the killing." Although such a charge was proper at the time

---

1. The Commonwealth argues that because appellant took no exception to the trial court's rejection of submitted points for charge, appellant may not now complain of the court's error. It is true that we have long required that in order to preserve an error alleged to have been made in the trial court's charge to the jury, a party must take a specific exception to the questionable portion of the charge. This requirement is reflected in Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure (which speaks in terms of making objections as distinguished from taking exceptions; there is no difference). Pa.R.Cr.P. 1119(b), 19 P. S. (1975 Pamphlet); *see and compare* Pa.R.Cr.P. 1115, 19 P.S. (1975 Pamphlet); *see Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Where, however, as here, a point for charge is timely offered and rejected, we have indicated that there is no need for the party who has submitted the point to take further action at trial to preserve the issue; the trial judge has been fully alerted, and no purpose would be served by insisting on the formality of an exception to a refusal of one's point. *Commonwealth v. Sisak*, 436 Pa. 262, 259 A.2d 428 (1969). *Cf.* Pa.R.Cr.P. 1115(b), 19 P.S. (1975 Pamphlet). While in *Sisak* an exception was noted to the refusal of the point there involved, that fact was not a determinative aspect of the decision.

it was given, see *Commonwealth v. Zlatovich*, 440 Pa. 338, 269 A.2d 469 (1970) and *Commonwealth v. Vogel*, 440 Pa. 1, 269 A.2d 89 (1970), it is no longer the law of this Commonwealth. See *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975); *Commonwealth v. Simms*, 462 Pa. 26, 333 A.2d 477 (1975); *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974); *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974).[2] As we recently put it in *Commonwealth v. Rose, supra*: "In any criminal prosecution, the Commonwealth has an unshifting burden to prove beyond a reasonable doubt all elements of the crime. . . . [T]he defendant has no burden of persuasion." 457 Pa. at 389, 321 A.2d at 884. Since the testimony of the defendant and his expert witnesses placed the question of his mental capacity in issue, the court erred in refusing the charge as requested.

For the reasons indicated, the judgment of sentence is reversed and a new trial is ordered.[3]

JONES, C. J., dissents.

EAGEN, J., did not participate in the consideration or decision of this case.

[2] The due process clause of the Fourteenth Amendment to the Constitution of the United States may require the same results as we reached in the cited cases on non-constitutional grounds. See *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 [1975].

[3] The appellant has advanced a number of other reasons in support of his contention that a new trial is required. Various of these relate to other points for charge which were refused, and complaints as to portions of the charge which, however, were not properly preserved by the making of an objection at trial. See Pa.R.Cr.P. 1119(b), 19 P.S. (1975 Pamphlet). Other trial errors alleged include improper allowance to the Commonwealth of challenges for cause in the selection of the jury, improper admission into evidence of indications of prior criminal conduct by appellant, and abuse of discretion in permitting a police officer to testify while in uniform. In a *pro se* brief, appellant has made additional contentions, including the admission into evidence of postmortem photographs of the body of the victim. In light of our disposition of this case, there is no need to consider these arguments.