353 A.2d 447

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward Carl MOYER, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1976.

Decided March 17, 1976.

William H. Pugh, IV, Norristown, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, First Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., Barry M. Miller, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellant was convicted by a jury of murder in the first degree for the death by stabbing of his nine year old brother. After the denial of his post-verdict motions, Moyer was committed for life to the Farview State Hospital in lieu of sentence, pursuant to section 410 of the Mental Health and Mental Retardation Act of 1966.[1] This direct appeal followed.[2]

The evidence at trial established that on the morning of May 15, 1973, at approximately 7:00 a. m., Moyer, then nineteen years of age and living away from home, broke into the home of his parents in Stowe, Montgomery County, Pennsylvania.[3] Neither of his parents was home at that time; the only person in the house was Moyer's nine year old brother, Harry, who was sleeping in an upstairs bedroom. Moyer entered the kitchen of the house, removed a large butcher knife from a drawer and proceeded upstairs to his brother's bedroom. There he repeatedly stabbed his brother in the stomach and

1. Act of October 20, 1966, Special Sess. No. 3, P.L. 96, art. IV, § 410, 50 P.S. § 4410.

2. Section 410(e) of the Mental Health and Retardation Act of 1966 provides:
    "[w]hen a defendant is committed to a facility, an appeal shall lie in the same manner and with like effect as if sentence to a penal or correctional institution had been imposed, and may be taken by defendant or his counsel."
    Thus Moyer's appeal is to be treated in the same manner as though it were from a sentence of life imprisonment imposed pursuant to the Appellate Court Jurisdiction Act. Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975–76).

3. Appellant was convicted of burglary by the same jury that found him guilty. Apparently no judgment of sentence has been imposed on the burglary conviction, and therefore it is not now the subject of an appeal.

chest areas. A wound to the heart proved fatal. Appellant fled to his Pottstown rooming house where he was arrested a short time later. Upon questioning by the police, Moyer admitted that he had killed his brother.

At trial Moyer's defense was one of insanity. He produced psychiatric testimony to the effect that at the time of the killing, due to mental disturbance, he did not know the quality of his act or that it was wrong. This testimony thus met both parts of the M'Naghten test for insanity. *Commonwealth v. Demmitt*, 456 Pa. 475, 481, 321 A.2d 627, 631 (1974). In connection with his insanity defense the appellant submitted the following point for charge: "The Commonwealth has the burden of proving the defendant's sanity beyond a reasonable doubt." The trial court refused to charge as requested,[4] and instead instructed the jury that the defendant bore the burden of proving his insanity by a preponderance of the evidence. While this was the law at that time,[5] it is so no longer. *Commonwealth v. Williams*, 463 Pa. 370, 344 A.2d 877 (1975); *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975); *Commonwealth v. Simms*, 462 Pa. 26, 333 A.2d 477 (1975); *Commonwealth v. Vogel*, 458 Pa. 200, 321 A.2d 633 (1974); *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974); *Commonwealth v. Demmitt*, supra.

In *Commonwealth v. Demmitt*, we made it clear that where, as here, there is evidence in the case sufficient to raise the issue of insanity, the burden is then upon the Commonwealth to establish the defendant's sanity beyond a reasonable doubt. This is so because, as we stated in *Commonwealth v. Rose*, supra, "[i]n any criminal prosecution, the Commonwealth has an unshifting

4. While the record is unclear whether defense counsel specially excepted to the court's refusal of the point for charge, that is of no moment. See *Commonwealth v. Williams*, 463 Pa. 370, 373 n. 1, 344 A.2d 877, 879 n. 1 (1975).

5. Trial was held between January 22 and January 31, 1974.

burden to prove beyond a reasonable doubt all elements of the crime. . . . [T]he defendant has no burden of persuasion." 457 Pa. at 389, 321 A.2d at 884. The refusal to charge as requested by appellant was thus prejudicial error and mandates the granting of a new trial.

The Commonwealth argues that our decisions in *Demmitt* and *Rose,* supra, should not be given retrospective effect because they were expressions of state evidentiary law and not founded upon constitutional principles. See *Commonwealth v. Rose,* 457 Pa. at 386, 321 A.2d at 883. The retroactive effect of those decisions is, however, no longer an open question in cases such as this, where the issue has been properly preserved at trial. See *Commonwealth v. Williams* and *Commonwealth v. Simms, supra.* Furthermore, in light of the decision of the Supreme Court of the United States in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), it seems likely that our decisions in those cases were constitutionally required by the Due Process Clause of the Fourteenth Amendment.

Judgment of sentence reversed and a new trial ordered.[6]

EAGEN, J., concurs in the result.

NIX, J., filed a dissenting opinion in which JONES, C. J., joins.

NIX, Justice (dissenting).

I must respectfully dissent.

Relying on *Commonwealth v. Williams,* 463 Pa. 370, 344 A.2d 877 (1975), and *Commonwealth v. Simms,* 462 Pa. 26, 333 A.2d 477 (1975), the majority mistakenly as-

---

**6.** Appellant has raised several other issues which, because of our disposition of this case, we need not consider.

sumes that there is "no longer an open question" regarding the retroactive application of the principle announced in *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974), as to the appropriate burden of proof where the issue of sanity has been raised. I am unpersuaded that either *Williams*, supra, or *Simms*, supra, requires such a conclusion. While the rule announced in *Commonwealth v. Demmit*, supra, was applied in *Williams*, supra, and *Simms*, supra, the issue of retroactivity was not affirmatively challenged, and thus, this Court has never specifically addressed the issue of the retroactive application of the Commonwealth's burden of proof in cases where insanity is claimed.[1]

Without resolving the question of whether or not the decision of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) constitutionally mandates the result reached in *Commonwealth v. Rose*, supra.[2] I need only point out that even the United States Supreme Court has retreated from its prior, inflexible view that full retroactivity must be given to new interpretations of the Constitution. See *Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973). Moreover, that Court no longer confines its inquiry to the simple distinction between direct and collateral appeal. Compare, *Williams v. United States*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971) ; *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) ; with *Tehan v. Shott*, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). When re-

1. Mr. Chief Justice JONES did address this issue, however, in his dissent in *Commonwealth v. Simms*, 462 Pa. 26, 333 A.2d 477 (1975).

2. See *Commonwealth v. Cropper*, 463 Pa. 529, 535, 345 A.2d 645, 648, n. 6 (1975); *Commonwealth v. Williams*, 463 Pa. 374, 344 A.2d 877, 879, n. 2 (1975).

viewing the issue of retroactivity the Supreme Court gives consideration to three criteria:

. . . "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." . . .

*Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967). See, e. g., *Desist v. United States,* supra; *Johnson v. New Jersey,* supra; *Linkletter v. Walker,* supra. "Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved." *Johnson v. New Jersey,* supra at 728, 86 S.Ct. at 1778.

The fundamental reason for discarding the former rule and applying the basic standard of reasonable doubt was to prevent the possible confusion that may formerly have been engendered by the coexistence of two standards of proof. The effect of the change is not so intrinsically intertwined with the fact-finding process, that it would mandate retroactive application. *United States v. Zirpolo,* 450 F.2d 424, 432–3, (3rd Cir. 1971). See also *Michigan v. Payne,* supra; *Williams v. United States,* supra. Moreover, in this jurisdiction, the state of our law has remained unchanged for decades, that to now insist on retroactive application would place an intolerable burden on our system.

It is clear to me that even assuming that *Mullaney v. Wilbur,* supra is a constitutionally mandated standard of criminal procedure, a thorough consideration of the exigencies of this ruling does not require retroactive application.

JONES, C. J., joins in this dissent.