379 A.2d 563

**COMMONWEALTH of Pennsylvania,**

**v.**

**Sonny DAVES, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1977.

Decided Oct. 28, 1977.

36

William P. James, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Abraham J. Gafni, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

 

OPINION

PER CURIAM.

Appellant Sonny Daves was convicted of rape and sodomy by a jury in the Court of Common Pleas of Philadelphia County. Post-trial motions were filed and denied, Daves was sentenced to a term of five to fifteen years' imprisonment, and the Superior Court affirmed per curiam. *Commonwealth v. Daves*, 228 Pa.Super. 712, 311 A.2d 333 (1973). We granted a petition for allowance of appeal.

One important question raised is whether the trial court erred in giving an instruction to the effect that defendant had the burden of proving his insanity by a preponderance of the evidence. This depends on whether our decisions in *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974), and *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974), both decided after the date of trial in this case, are to be applied to cases which were not final as of the date of those decisions and in which counsel has requested a charge to the jury that the burden is on the Commonwealth.

We have held that *Rose* and *Demmitt* do apply in such cases. See *Commonwealth v. Moyer*, 466 Pa. 464, 468, 353 A.2d 447 (1976). Here, counsel representing Daves at trial specifically requested a *Demmitt* instruction, although this case was tried in 1971 and that case was not decided for another three years. In view of the fact that defendant did introduce the testimony of an expert psychiatric witness on the question of his alleged insanity, it follows that *Moyer* controls.[1]

Because of our disposition, we do not reach the other issues raised by appellant.

The judgment of sentence is reversed and a new trial is ordered.

---

1. We reject the Commonwealth's contention that the trial court's charge was, in the circumstances of this case, harmless error. No matter how much the expert's testimony was shaken by cross-examination and the trial court's questions, it nevertheless was sufficient to raise a reasonable doubt as to defendant's sanity.

38

NIX, J., dissents for the reasons set forth in his dissenting opinion in *Commonwealth v. Moyer*, 466 Pa. 464, 468, 353 A.2d 447, 449 (1976).

JONES, former C. J., and ROBERTS, J., did not participate in the consideration or decision of this case.