456 A.2d 591

**COMMONWEALTH of Pennsylvania**

v.

**Robin RINEER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1982.

Filed Feb. 11, 1983.

242

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Richard A. Sheetz, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

BROSKY, Judge:

This is an appeal from judgment of sentence for arson. Appellant contends that: (1) the evidence was insufficient to support the verdict; (2) the trial court erred in denying appellant's motion to quash the information; (3) the trial court erred in refusing in part appellant's request for pre-trial discovery; and (4) the trial court erred in refusing one of appellant's points for charge. We do not agree with appellant and affirm the judgment of sentence.

On July 19, 1980, appellant was charged by information with the crime of arson. Appellant then filed an application to quash the information on the basis that the Commonwealth failed to prove a prima facie case at the preliminary hearing and also filed a request for pre-trial discovery. The application to quash was denied by the court without a hearing after it reviewed a tape recording of the preliminary hearing. Certain pre-trial discovery requests were also denied by order of court on July 29, 1980. The case proceeded to trial and appellant was found guilty as charged by a jury. Post-verdict motions were filed and denied and this appeal followed.

■ Appellant first contends that the evidence was insufficient to support the verdict. After a thorough and careful review of the record, we conclude that the opinion of the court below adequately disposes of this issue.

■ Appellant next contends that the trial court erred in denying a motion to quash the information because the

Commonwealth's evidence was insufficient to establish a prima facie case.[1] We find this issue to be moot.

The Supreme Court of Pennsylvania has stated that:

> If in fact it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation before the district justice would have been harmless. . . .

*Commonwealth v. Hess,* 489 Pa. at 590, 414 A.2d at 1048.[2]

In the instant case, appellant demurred to the evidence at trial and the demurrer was denied by the court below. The trial court thus determined that there was sufficient evidence for the case to be submitted to the jury. Therefore, even if it was error for the trial court to deny appellant's motion to quash the information, the error was harmless. Appellant's second contention is thus moot.

Appellant's third contention is that it was error for the trial court to deny her request for the names and addresses of eyewitnesses, the names and addresses of the Commonwealth's witnesses it intended to call at trial and the written or recorded statement of Keith Usner, a key prosecution witness. Appellant argues that she was entitled to this information under Pa.R.Crim.P. 305(B)(2) which provides as follows:

B. Disclosure by the Commonwealth

. . . . .

1. Since the court's right to exercise jurisdiction over the person of the accused in a criminal case is dependent upon the Commonwealth's ability to establish a prima facie case, see *Commonwealth v. Prado,* 481 Pa. 485, 393 A.2d 8, 10 (1978) (citing cases), appellant was in fact asserting an unlawful detention. Thus, regardless of the designation used by appellant, the true nature of the motion was a request for habeas corpus relief. Our precedent establishes that we will not dismiss a request for habeas corpus relief solely on the basis that the pleading raising the claim was incorrectly labeled, where the purport of the motion is evident. *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975). *Commonwealth v. Hess,* 489 Pa. 580, 584–5, 414 A.2d 1043, 1045 (1980).

2. But see, *Commonwealth v. Loar,* 264 Pa.Super. 398, 399 A.2d·1110 (plurality), allocatur denied (1979), reconsideration denied (1980).

(2) **Discretionary with the Court:** In all court cases, except as otherwise provided in Rule 263 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(a) the names and addresses of eyewitnesses;

(b) all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial;

(c) all written or recorded statements, and substantially verbatim oral statements, made by co-defendants, and by co-conspirators or accomplices, whether such individuals have been charged or not;

(d) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

■ We note initially that the court below did, in fact, grant appellant's request for the names and addresses of eyewitnesses. In our consideration of the other items, we are guided by the rule that where disclosure is discretionary with the court, error will not be found where an appellant does not assert specific examples of possible prejudice before the lower court. *Commonwealth v. Johnston,* 258 Pa.Super. 429, 392 A.2d 869 (1978).

■ Appellant only asserted below that she needed the information to properly prepare her defense and that the lack of it could possibly cause surprise to her at trial. These are hardly specific examples of possible prejudice as required by *Johnston.* Moreover, on appeal we note that no specific type of prejudice is claimed to have resulted from the court's ruling. See *Johnston,* supra. Therefore, we find no merit in this allegation of error.

■ As to the statement of Keith Usner, appellant asserted below that she needed the statement because the testimony at the preliminary hearing indicated that Usner could have been the person who committed the offense in question. On appeal, she has asserted that Usner's testimony was inconsistent and contradicted that of other Commonwealth witnesses and that the defense would have been in a better position to challenge these inconsistencies if his statement had been made available. However, as the court below noted in denying this request, appellant had a tape recording of Usner's statement at the preliminary hearing. Clearly, the court believed that this statement was sufficient for appellant to prepare for Usner's testimony at trial. In light of the fact that appellant has not even addressed this point, let alone disputed it, we cannot find that the court erred in denying appellant's request.

■ Appellant's final contention is that the trial court erred in refusing to read appellant's point for charge number three.[3] We find as follows that this issue has been waived.

Pa.R.Crim.P. 1119(a) and (b) pertain to request for jury instructions and the charge to the jury and provides that:

(a) Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. The trial judge shall charge the jury after the arguments are completed, and shall then rule on all written requests.

(b) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

---

**3.** This point reads as follows:

A false or contradictory account of events by an accused is a circumstance which mitigates against him or her but is not sufficient alone to prove guilt. *Commonwealth v. New,* 354 Pa. 188, 47 A.2d 450 (1946).

In the instant case, appellant submitted written requests for instruction to the jury and the trial judge refused to read the point in question on the ground that it had been covered in the main body of the charge. After the charge was concluded, the trial judge asked if counsel had any additions or corrections; and appellant did not object to the court's refusal to read point number three.

Although Rule 1119(b) would seem to indicate that the issue of the court's refusal has been waived, the law has been unsettled on this point. One line of cases has held that where a point for charge is timely offered and rejected, there is no need for the party who has submitted the point to take further action at trial to preserve the issue. A seminal case in this line is *Commonwealth v. Williams,* 463 Pa. 370, 344 A.2d 877 (1975), in which the court explained its holding as follows:

> The Commonwealth argues that because appellant took no exception to the trial court's rejection of submitted points for charge, appellant may not now complain of the court's error. It is true that we have long required that in order to preserve an error alleged to have been made in the trial court's charge to the jury, a party must take a specific exception to the questionable portion of the charge. This requirement is reflected in Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure (which speaks in terms of making objections as distinguished from taking exceptions: there is no difference). Pa.R. Cr.P. 1119(b), 19 P.S. (1975 Pamphlet); *see and compare* Pa.R.Cr.P. 1115, 19 P.S. (1975 Pamphlet); see *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). Where, however, as here, a point for charge is timely offered and rejected, we have indicated there is no need for the party who has submitted the point to take further action at trial to preserve the issue; the trial judge has been fully alerted, and no purpose would be served by insisting on the formality of an exception to a refusal of one's point. *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969). Cf. Pa.R.Cr.P. 1115(b), 19 P.S. (1975 Pamphlet).

While in *Sisak* an exception was noted to the refusal of the point there involved, that fact was not a determinative aspect of the decision.

*Williams,* 463 Pa. at 373 n. 1, 344 A.2d at 879 n. 1. See *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273 (1976). In the most recent superior court decision dealing with this issue, *Commonwealth v. Hastings,* 301 Pa.Super. 65, 446 A.2d 1337 (1982), this court followed the holding of *Williams.*

However, a second line of cases has held that even where points for charge are offered and denied, a specific objection must be made after the charge to preserve the issue.[4] In the last Pennsylvania Supreme Court case to address this issue, *Commonwealth v. Galloway,* 495 Pa. 535, 434 A.2d 1220 (1981), the court followed this line of cases.

Another case in this line, *Commonwealth v. Martinez,* 475 Pa. 331, 380 A.2d 747 (1977), is very similar to the instant case. There, as here, appellant submitted points for charge and was given the opportunity to make corrections after the court finished its charge. There, as here, defense counsel made no objections, apparently finding the court's instructions unobjectionable despite the refusal of requested instructions. The court held that the trial court's refusal to give the points in question could not be raised on appeal. The court explained its holding as follows:

> The reasons for requiring specific objection after the charge, even where points for charge had previously been proposed are apparent. Primarily it ensures that the court is given opportunity to avoid error. See *Commonwealth v. Sisak,* 436 Pa. 262, 269, 259 A.2d 428, 432 (1969). Here, as is so often the case, the court gave some of the requested instructions in modified form. Additional corrections might very well have avoided error.

*Martinez,* 475 Pa. at 337–8, 380 A.2d at 750–1.

█ In considering these two lines of cases, we are bound by the last Pennsylvania Supreme Court decision of *Gallo-*

---

**4.** Until this time, none of the cases in either line have discussed the rationale nor even the existence of the opposite line of cases.

*way* on this issue.[5] Therefore, we hold that in order to preserve an issue regarding the charge to the jury, a specific objection must be made pursuant to Pa.R.Crim.P. 1119(b), even where jury instructions have been timely offered and refused. As noted in *Martinez,* this will absolutely ensure that the trial court is given an opportunity to avoid error.[6]

Therefore, we find that appellant's fourth claim has not been preserved for appeal and we will not reach its merits.

Judgment of sentence affirmed.

---

5. We also note that we find the rationale for the *Galloway* line of cases, as expressed in *Martinez,* most persuasive.

6. In the instant case, the trial court stated that the refused point for charge was covered in the main body of the charge. An objection after the charge would have given the court an opportunity to correct any deficiency appellant found in the court's modified form of her point for charge.