887 A.2d 220

COMMONWEALTH of Pennsylvania, Appellee,

v.

Leonard PRESSLEY, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 20, 2004.

Decided Nov. 29, 2005.

Michael Canick Schwartz, Philadelphia, for Leonard Pressley.

Hugh J. Burns, Philadelphia, Regina Marie Oberholzer, Harrisburg, for the Com. of PA.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice SAYLOR.

In this case, we consider the proper procedure to preserve an issue respecting proposed jury instructions under the Rules of Criminal Procedure.

On the afternoon of July 15, 2001, Latoya Butler and the victim, Kareem Williams, were sitting on the front steps of a neighbor's home in Philadelphia when Appellant approached and asked to speak with Williams. Appellant and Williams walked a short distance and spoke for a few minutes, after which Williams departed as if he were upset. As Williams proceeded down the sidewalk and around the corner, Appellant stated, "you better come back with something big because I'm playing with them big boys." Appellant and his brother, Damien Pressley, pursued Williams and, as they passed, Ms. Butler followed. When she turned the corner, Ms. Butler observed that Appellant had pinned Williams against a parked car, and that Appellant's brother was striking Williams. Ms. Butler also noticed that Appellant and his brother were rifling through William's pants pockets, removing drugs and money. Appellant's brother then stepped away, raised his arm, and fired a single shot at Williams, stating afterward, "you want some more, you want some more?" Appellant and his brother fled from the scene. Williams died as a result of the gunshot wound, and Appellant was charged with murder, criminal conspiracy, robbery, and related offenses.

At the ensuing jury trial, the Commonwealth presented, *inter alia*, testimony both from Ms. Butler regarding the above events, and the initial investigating detective, who related the statements given by Ms. Butler and indicated that he had submitted the affidavit of probable cause to the District Attorney's Office and that it had been approved. Appellant testified in his own defense, admitting to having engaged in a mutual scuffle with Williams over remarks that he had made, but denying involvement in a robbery, instead claiming that his brother, Damien, had unexpectedly shot Williams during the fight. Near the close of testimony, counsel for Appellant

submitted proposed points for charge that included a request for a missing evidence instruction, *see* Pa. SSJI (Crim.) 3.21B, based upon the Commonwealth's failure to produce the copies of the probable cause affidavit that were submitted to and approved by the District Attorney's Office.[1] Counsel also requested that the jury be instructed that they could find Appellant guilty of simple assault by virtue of mutual scuffle, *see* 18 Pa.C.S. § 2701(b)(1),[2] as a lesser-included offense of robbery. *See generally Commonwealth v. Gilliam,* 302 Pa.Super. 50, 52 n. 1, 448 A.2d 89, 90 n. 1 (1982) (noting that, for purposes of sentencing, conviction for simple assault merged with that for robbery).

Prior to closing arguments, the trial court rejected Appellant's proposed points for charge on the record, explaining with respect to the missing evidence request:

> [The Court]: I'm not going to give failure to produce documents because you received the document in discovery. You have the document. If you want to introduce it, go right ahead and do it.

Regarding the simple assault instruction, the court observed that Appellant had not been charged with an assault and declined to issue this instruction, offering the following reasoning:

> I understand the argument. With respect to the Defendant's request for a charge on simple assault, a misdemeanor of the third degree or second degree, the Defendant has, by taking the stand, inserted or admitted to a possible crime, if you accept his testimony, of simple assault, a

1. At trial, Appellant challenged the facts supporting the robbery, emphasizing that Ms. Butler's initial statement to the police did not include an allegation of robbery, and highlighting the absence of a specific reference to such offense in the probable cause affidavit. The Commonwealth pointed out, however, that the affidavit indicated that Appellant and his brother were reaching into the victim's pockets during the struggle. In response, counsel argued that the affidavit produced at trial was not the one submitted to or approved by the District Attorney's Office.

2. A simple assault arising from a fight entered into by mutual consent is graded as a misdemeanor of the third degree. *See* 18 Pa.C.S. § 2701(b)(1).

misdemeanor of the third degree, saying we entered into a fight.

The court analyzes it this way, for example, in this case, suppose this is a murder case and the defendant says on the stand, "I was [not] involved in a murder, I was caught stealing a car." The court would not charge on auto theft. This seems to be a tactful move on the Defendant's part simply to insert an offense that is not in this case and to bolster his defense.

With respect to these cases that the defense has submitted . . ., the simple assault that those cases talk about, these are simple assaults where there is a knowing and intentional causing or attempting to cause bodily injury to another individual, not to mutually entered into a fight, an M–3 simple assault.

Accordingly, your request is denied.

Counsel did not object or take exception to the rulings. Following the jury charge, the court inquired of counsel whether he wanted any additional instructions or corrections; he responded in the negative. The jury convicted Appellant of third-degree murder and related offenses, and he was thereafter sentenced to an aggregate term of imprisonment of 20 to 40 years.

On appeal, Appellant asserted, *inter alia,* trial court error in failing to issue instructions on missing evidence and simple assault as a lesser-included offense. In a memorandum decision, the Superior Court acknowledged that Appellant had requested the instructions and that the trial court's ruling was on the record, but noted that Appellant did not make a specific objection at the conclusion of the charge. The court observed that Criminal Procedural Rule 647(B) states that, to preserve an issue as to a portion of a charge, a party must make a specific objection before the jury retires to deliberate.[3] Consistent with this requirement, the court cited to a line of authority for the proposition that a specific objection following the jury charge is necessary to preserve an issue concerning the instructions, even where points for charge were submitted

3. Rule 647 provides, in relevant part:

by a defendant and denied by the trial court. *See Commonwealth v. Galloway*, 495 Pa. 535, 538, 434 A.2d 1220, 1221 (1981) (citing Pa.R.Crim.P. 1119(B) (re-numbered as Pa. R.Crim.P. 647(B)); *Commonwealth v. Brown*, 490 Pa. 560, 570, 417 A.2d 181, 187 (1980)); *Commonwealth v. Martinez*, 475 Pa. 331, 337, 380 A.2d 747, 750 (1977) (plurality); *Commonwealth v. Hilton*, 461 Pa. 93, 96, 334 A.2d 648, 650 (1975) (plurality). As Appellant failed to object following the charge, the Superior Court concluded that he had waived any issues respecting the instructions.

Appellant sought review by this Court, arguing that the Superior Court misconstrued Rule 647(B) and failed to recognize a divergent line of authority that has treated issues respecting jury instructions as preserved, even in the absence of a specific objection following the charge, where, as here, points for charge were timely offered and rejected by the trial court. *See Commonwealth v. Williams*, 463 Pa. 370, 373 n. 1, 344 A.2d 877, 879 n. 1 (1975); *see also Commonwealth v. Miller*, 490 Pa. 457, 470 n. 9, 417 A.2d 128, 135 (1980); *Commonwealth v. Ernst*, 476 Pa. 102, 108 n. 9, 381 A.2d 1245, 1247 n. 9 (1977) (opinion in support of affirmance); *Commonwealth v. Palmer*, 467 Pa. 476, 481 n. 3, 359 A.2d 375, 378 n. 3 (1976); *Commonwealth v. Sisak*, 436 Pa. 262, 269–70, 259 A.2d 428, 432 (1969). Given the conflicting case law in this area,[4] appeal was allowed to clarify the proper procedure.

▉ In this regard, the plain language of Rule 647(B) requires a specific objection to assign error to a controverted

(A) Any party may submit to the trial judge written request for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests. The trial judge shall charge the jury after the arguments are completed.

(B) No portions of the charge nor any omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

Pa.R.Crim.P. 647(A), (B).

4. In his concurring and dissenting opinion, Mr. Justice Baer suggests that there is some underlying consistency among the two lines of this

aspect of or omission from a jury charge. *See* Pa.R.Crim.P. 647(B).[5] As important, Rule 603, which abrogates the necessity of taking an exception to a ruling, specifically excludes issues related to jury instructions, providing:

> (A) Any ruling of the judge on an objection or motion made during the trial of any action or proceeding shall have the effect of a sealed exception in favor of the party adversely affected without the necessity of a formal request or notation made on the record.
>
> (B) This rule shall not be applicable to the charge to the jury.

Pa.R.Crim.P. 603. The pertinent rules, therefore, require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction.[6] Although obligating counsel to take this additional step where a specific point for charge has been rejected may appear counterintuitive, as the requested

Court's decisions that favors adherence to the *Williams* line. *See* Concurring and Dissenting Opinion, at 637–40, 887 A.2d at 228–29 (Baer. J.). The analysis offered in support of such suggestion, however, affords no express consideration to various of the cases that have post-dated the 1975 *Williams* decision that is selectively highlighted in the concurring and dissenting opinion. *See, e.g., Galloway,* 495 Pa. at 538, 434 A.2d at 1221 (reflecting the Court's 1981 holding that "Appellant is not in a position to assert the impropriety of the denial of his points for charge since no specific objections were raised following the charge"); *Commonwealth v. Brown,* 490 Pa. 560, 570, 417 A.2d 181, 187 (1980) (applying former Rule 1119(B) in a 1980 decision).

Notably, the Superior Court has recognized the inconsistency between the *Galloway* and *Williams* lines and concluded that it was bound to apply this Court's most recent holding enforcing the rule-based requirement of a specific objection, as reflected in *Galloway. See Commonwealth v. Rineer,* 310 Pa.Super. 241, 248–49 & n. 4, 456 A.2d 591, 594–95 & n. 4 (1983).

5. The Rules of Criminal Procedure are to "be construed in consonance with the rules of statutory construction[,]" Pa.R.Crim.P. 101(C), which require, *inter alia,* that provisions be interpreted in accordance with the plain meaning of their terms. *See* 1 Pa.C.S. § 1903(a).

6. Notably, the Federal Rules of Criminal Procedure impose an identical requirement, stating:

> (d) Objections to Instructions. A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the

instruction can be viewed as alerting the trial court to a defendant's substantive legal position,[7] it serves the salutary purpose of affording the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue. *See Martinez*, 475 Pa. at 337–38, 380 A.2d at 750–51. This is particularly so where a judge believes that the charge adequately covered the proposed points. Moreover, charging requests are frequently submitted in advance of or during trial, with the relevance or necessity of a proposed instruction being of different significance as a result of subsequent events. *See generally United States v. Crowley*, 318 F.3d 401, 412–13 (2d Cir.2003) (emphasizing that "[t]he distinction between requests to charge and specific objections at a charging conference is significant[,]" and discussing the rationale for the specific objection requirement). Similarly, a judge's perspective concerning a particular point may be altered based upon a party's arguments. *See generally id.*[8]

 Presently, although counsel did not take an exception or lodge an objection at the time of the rulings on his

objection before the jury retires to deliberate. An opportunity must be given to object out of the jury's hearing and, on request, out of the jury's presence. Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b). Fed.R.Crim.P. 30(d); *see also Jones v. United States*, 527 U.S. 373, 387–88, 119 S.Ct. 2090, 2101–02, 144 L.Ed.2d 370 (1999).

7. Indeed, this was the sole reason offered in *Williams* for departing from the language of the rules. *See Williams*, 463 Pa. at 373 n. 1, 344 A.2d at 879 n. 1.

8. Accordingly, Mr. Justice Baer's characterization notwithstanding, we do not view the requirement of our existing Rule of Criminal Procedure, which in substance mirrors that which is in longstanding application in the federal system, as hyper-technical.

As to Mr. Justice Castille's vision of a hybrid approach that would require the lodging of specific objections/exceptions relative to the particular framing of points for charge, but not to the wholesale omission of requested points, *see* Concurring Opinion at 632–35, 887 A.2d at 225–26 (Castille, J.), we do not wholly discount the benefits that might attend such a scheme. We are also cognizant, however, of the practical difficulties that would arise in distinguishing between these two categories in the myriad range of circumstances that arise in the trial setting. Moreover, we differ with Justice Castille's view that our current rules encompass such a hybrid scheme, since Rule 647(B)'s

proposed instructions or following the charge, there was existing authority under which Appellant's jury instruction issues would have been treated as adequately preserved. *See Williams*, 463 Pa. at 373 n. 1, 344 A.2d at 879 n. 1.[9] While such authority is disavowed to the extent that it is contrary to the language of Rules 603 and 647(B), Appellant cannot be faulted for relying upon it. Consequently, the clarification of the procedure for preserving an issue involving a jury instruction is prospective.

We hold that under Criminal Procedural Rules 603 and 647(B), the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points.[10]

As this holding is prospective, the order of the Superior Court is vacated, and the matter is remanded for consider-

requirement of specific objections is by its terms applicable to omissions from a court's charge, *see* Pa.R.Crim.P. 647(B), and we must respectfully disagree with Justice Castille's position that a trial court's decision to omit a requested point for charge is not a complained-of omission under the rule, *see* Concurring Opinion, at 633–35, 887 A.2d at 226 (Castille, J.). Additionally, Justice Castille offers no account for Rule 603(B)'s perpetuation of the requirement of exceptions as pertains to jury instructions.

In light of the relatively clear terms of the existing rules, we believe that it is preferable to proceed through the rulemaking avenue, rather than by case decision, to evaluate the merits of potential alterations to those rules.

9.  This interpretation was also supported by practice materials in this area. *See, e.g.,* 27 STANDARD PENNSYLVANIA PRACTICE 2d § 135:310 (2003).

10.  Our holding does not address the essential procedure for preserving a claim of error relative to a court's charge in the civil context. Notably, the governing rules in that arena are framed differently; for example, a specific objection requirement is not included in the rule addressing points for charge, *see* Pa.R.C.P. No. 226(a), and the rule eliminating the need for exceptions is not as explicit as its criminal counterpart in excluding jury instruction issues. *See* Pa.R.C.P. No. 227(b). Furthermore, a number of decisions have indicated that the submission of a point for charge is sufficient to preserve a civil instruction issue. *See, e.g., Broxie v. Household Fin. Co.,* 472 Pa. 373, 377, 372 A.2d 741, 743 (1977).

ation of Appellant's claims respecting his proposed points for charge.

Chief Justice CAPPY, Justice NEWMAN and Justice EAKIN are with the opinion.

Justice CASTILLE files a concurring opinion.

Justice BAER files a concurring and dissenting opinion in which Justice NIGRO joins.

Justice CASTILLE, concurring.

I concur in the result. In my view, there is a middle ground between the Majority Opinion and the Concurring and Dissenting Opinion, and that middle ground is consistent with both the plain language of Pa.R.Crim.P. 647, and the practicalities of jury trials. As I read the Rule, a post-charge objection is certainly required where the objection is based upon the content of the charge which has just been given. This is a sensible requirement. An objection to the charge as given ripens only after it has actually been given; it is only then that the party will know if the judge has followed earlier charging indications, or has misspoken, or has inadvertently omitted an expected or agreed upon point. Where, however, a specific point for charge is requested in advance of charging the jury, and the court indicates that it is not going to charge on that area at all, and the court keeps its word, I do not believe that the plain language of the Rule requires (nor should any such rule require) a redundant objection upon pain of waiver.

The trial court may reject a forwarded point for charge for a variety of reasons. It may believe that the subject of the charge, while a proper matter for the jury in an appropriate case, is not properly at issue in the case at bar. Or, the court may believe that a specific charge in the area is not required to guide the jury in **any** case (because it is a matter of common knowledge, or because the point would be argumentative, *etc.*). Or, the court may believe that, although the subject of the proffered charge is appropriate, the party's

specific formulation is inaccurate, slanted, or incomplete, and the court intends to cover the point in its own form of the charge; the court, of course, is generally not required to employ certain "magic words." By the same token, a party may deem itself aggrieved by a charge as given for two very different reasons: (1) because the court did not address an issue at all, leaving the jury with no guidance; or (2) because, although the court addressed the issue, its charge was inaccurate, slanted, or incomplete.

There certainly are instances—and apparently this case represents two such instances—where a pre-charge request for an instruction and a post-charge objection would be redundant and pointless. Here, appellant requested a missing evidence instruction and an instruction that the jury could convict him of a non-charged offense. The court rejected both charges outright, not based upon the form of the points forwarded or the language proposed, but because it deemed neither issue an appropriate one to inject into the jury's deliberations **at all**. The court apparently kept its word, not addressing either issue, and a post-charge objection would have been redundant. In my view, Rule 647(B) does not require a post-charge renewal of objection in such an instance. That Rule speaks to the necessity of a post-charge objection where the objection concerns "portions of the charge" or "omissions therefrom." The objection here, already clearly and completely made, was that the jury will not hear the point covered at all. There is no defective "portion" of the charge or "omission" from it.

On the other hand, there are instances where the content of the court's charge as delivered gives rise to an objection that is different in substance from any objection that could have been forwarded at the pre-charge stage. For example, the court may agree to issue a requested point, but then misspeak in the delivery. An objection should be forwarded; the court can cure the alleged error immediately. Or, the court may reject a party's points for charge as written, while noting an intention to cover the same points in its own form of expression. A post-charge objection should be made, explaining how

the court's form of expression, as actually delivered, was erroneous under the law. Or, the court may reject a proffered point outright, only to reconsider and then address the issue in its own language during the charge. Again, a post-charge objection should be forwarded, specifically explaining how the charge as given was erroneous.

In short, the answer to the question of whether a post-charge objection is required, in instances where a point for charge has been rejected, is: it depends. I recognize that there is some salutary benefit in the Majority's bright-line rule, and the careful practitioner should always err on the side of repeating an objection, even if the charge as given raises no issue different from what existed at the time of the rejected charge proffer.[1] Nevertheless, where nothing has happened in the actual charge to the jury to diminish the force and accuracy of the existing objection represented by a rejected point for charge, it seems to me to be harsh and unnecessary to deem the claim defaulted.

In the case *sub judice,* the Court holds that no waiver occurred. I agree, but for different reasons: I see no need under the Rule for appellant to have forwarded a post-charge objection where, as here, the court did not address the requested topics at all. Hence it is that I concur in the result.

Justice BAER, concurring and dissenting.

I join in the majority's ultimate result in this case, that Appellant's failure to lodge a second specific objection to the trial court's charge to the jury following the court's prior denial of Appellant's requested points for charge did not result in waiver of the propriety of the court's ruling in this regard on appeal. I disagree, however, with the majority's prospective abandonment of our prior case law permitting a litigant in a criminal case from avoiding waiver under the scenario *sub*

---

1. I respectfully disagree with the suggestion in the Concurring and Dissenting Opinion that a repeated objection risks "alienating" the trial judge. It should not alienate a trial judge that a lawyer seeks to protect his client's interest; and I trust in the professionalism of our trial judges to recognize what is an exercise of prudent caution and not to react adversely thereto.

*judice.* Accordingly, I dissent from the majority's holding to this effect.

The underlying factual history of the case is fully set forth by the majority, thus only reiteration of those facts relevant to the ultimate issue on appeal are restated. As indicated by the record, prior to the close of testimony in this criminal matter, Appellant's counsel submitted proposed points for charge to the court. Thereafter, prior to counsels' closing arguments, the trial court rejected Appellant's requested points for charge on the record. Closing arguments then took place, followed by the court's instructions. The court inquired whether Appellant's counsel wanted additional instructions or corrections to the instructions provided, to which counsel responded in the negative.

On appeal to the Superior Court, Appellant argued that the trial court erred in failing to instruct the jury on his requested points for charge. The Superior Court concluded that although Appellant had requested the subject jury instructions and the court rejected them, because Appellant's counsel failed to make a subsequent objection after the court's actual charge prior to the jury deliberating, counsel failed to preserve any appellate issues relating to the court's rulings. The Superior Court relied on Pennsylvania Rule of Criminal Procedure 647(B), requiring that in order to preserve appellate issues regarding the jury charge a specific objection must be made prior to the jury retiring for deliberation.[1]

1. Rule 647, in its entirety, provides as follows:
(A) Any party may submit to the trial judge written request for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests. The trial judge shall charge the jury after the arguments are completed.
(B) No portions of the charge nor any omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.
Pa.R.Crim.P. 647(A) & (B).

On appeal here, the majority notes that the Superior Court correctly cited to Rule 647(B) in concluding that counsel was required to raise a specific objection to the court's charge prior to the jury deliberating in order to preserve appellate issues in this regard. The majority further points out that Pa.R.Crim.P. 603, which generally abrogates the necessity of taking an exception to a ruling, specifies that such principle does not apply to the charge.[2] The majority, however, acknowledges that our Court has, through case law, held that strict adherence to our above-cited Rules of Criminal Procedure will not affect issue preservation where counsel's requested points for charge have been rejected by the court. Thus, the majority reverses the Superior Court's decision regarding waiver and remands for a decision on the merits of Appellant's allegations of error relating to the court's failure to instruct the jury as requested. Nevertheless, the majority specifies that from this point forward, we will no longer permit litigants to avoid waiver where, as here, strict compliance with the Rules of Criminal Procedure is not followed. *See* Maj. Op. at 630–31, 887 A.2d at 224.

The rationale given by the majority is that requiring a specific objection following the court's charge "serves the salutary purpose of affording the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue." *Id.*, citing *Commonwealth v. Martinez*, 475 Pa. 331, 380 A.2d 747 (1977). Our Court, however, has clearly held that submission of points for charge sufficiently informs the court of a litigant's desire that the requested points be included in the instructions to the jury without the need for a second specific objection following the actual charge. While in *Martinez*, cited by the majority, our Court found waiver where counsel failed to lodge a specific

2. Rule 603 states as follows:

(A) Any ruling of the judge on an objection or motion made during the trial of any action or proceeding shall have the effect of a sealed exception in favor of the party adversely affected without the necessity of a formal request or notation made on the record.

(B) This rule shall not be applicable to the charge to the jury.

Pa.R.Crim.P. 603.

objection following the court's charge based upon the purported need to afford the court an opportunity to remediate potential error, we cited to *Commonwealth v. Sisak*, 436 Pa. 262, 259 A.2d 428 (1969), for this proposition. In *Sisak*, however, we actually rejected the argument that counsel's failure to object resulted in waiver. The majority opinion in *Sisak* noted:

[The dissent] concludes, however, [ ] that error cannot now be considered because no exception was taken to the court's charge by defense counsel and because, in the view of the minority, the error was not basic and fundamental.

The special-exception rule, as has so often been stated, is designed to prevent a party from sitting silently by, taking his chances on a favorable verdict, and then, in the event of an unfavorable verdict, complaining of matters which could have been corrected at trial had they been brought to the attention of the court in a timely fashion. In the present case, however, appellant's counsel did not remain silent and await the verdict. Rather, he requested five points for charge addressed to the accomplice rule. Each of these points was refused, and defendant was granted an exception. The formal submission of requested points for charge serves the same function as a request for additional or different instructions at the close of the court's charge. Both procedures present the issue to the trial judge. Both enable the court to avoid error by charging on the issue presented. In the case at bar, it would serve no useful purpose to require the defendant to request additional instructions ... since the court had already rejected points for charge because of its belief that as a matter of law [the instruction was not warranted].

*Id.* at 432 (citations and footnotes omitted).

In *Commonwealth v. Williams*, 463 Pa. 370, 344 A.2d 877, 879 n. 1 (1975), we properly applied the holding in *Sisak* and, citing thereto, noted the following in response to the Commonwealth's argument that waiver resulted from appellant's failure to lodge exceptions to the court's charge following its rejection of appellant's points for charge:

Where, however, as here, a point for charge is timely offered and rejected, we have indicated that there is no need for the party who has submitted the point to take further action at trial to preserve the issue; the trial judge has been fully alerted, and no purpose would be served by insisting on the formality of an exception to a refusal of one's point.

Despite these prior rulings, the Court today concludes that the better practice is to require litigants to reassert, rotely, the same request for instructions made only a brief procedural step earlier in the trial process or forever forego a claim of error regarding the court's failure to provide them. This hyper-technical procedural requirement appears to be counter-intuitive to the court's conduct of orderly trial proceedings and poses the risk that a litigant will be forced to alienate the trial judge, in a situation where heated debate over instructions may have just taken place, and the jury, which suffers the frustrations of lengthy delays as procedural wrangling drones on outside its hearing.

In my view, the better practice would be to allow for appellate review of issues regarding the court's jury instructions where counsel's proposed points for charge are rejected without the added requirement that a subsequent objection on the identical point following the charge be made. As the purpose behind requiring an objection to an issue involving jury instructions is to give the trial court the opportunity to correct any error, I do not believe that such purpose is better served by requiring the trial court to rule on the same request twice.[3] As noted by the majority, the current practice in civil trials pursuant to Pennsylvania Rules of Civil Procedure 226 and 227, does not require a second objection to the court's instruction in order to preserve appellate issues. Maj. Op. at 631–32 n. 8, 887 A.2d at 224 n. 8. Moreover, such practice is

---

3. I agree fully with the concurring opinion of Mr. Justice Castille that a post-charge objection would be required where the objection posed by counsel is based upon the content of a given charge which was not covered in the pre-charge on the record rulings or which was at variance with such rulings. The import of this opinion and, I believe, Justice Castille's, is to emphasize that rulings specifically requested and made pre-charge should not have to be reiterated post-charge.

consistent with our recent amendment of Pa.R.Crim.P. 720, which makes the filing of post-sentence motions optional, and, which specifies that "issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." This amendment evinces a more liberal stance where issue preservation is concerned; I would continue with this liberal approach regarding the matter *sub judice.*

Accordingly, I dissent from the majority's decision to change prospectively the current practice of permitting appellate review of issues regarding the trial court's rulings on a litigant's proposed points for charge in a criminal case where, as here, a second objection is not made following the charge.

Justice NIGRO joins this Concurring and Dissenting Opinion.