J-S48005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK BOOKER | |
| Appellant | No. 862 WDA 2014 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008338-2012

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 26, 2015**

Appellant, Frank Booker, appeals from the judgment of sentence entered after a jury convicted him of, among others, third degree murder of Calvonne Rollins.  Booker argues that the trial court erred in failing to instruct the jury on the issue of self-defense.  After careful review, conclude that Booker's challenges to the trial court's jury instructions are waived and affirm the judgment of sentence.

The trial court summarized the evidence presented at trial as follows.

On May 11, 2012, [Rollins] picked up his girlfriend, Tamira Scheuermann, at work and drove to the Get Go gas station located in Penn Hills where they were to meet some other people.  Rollins was driving and Scheuermann was the front seat passenger and the one-year-old son that she had with Rollins was in a car seat in the middle of the back seat.  At the Get Go station they met up with James Ingram whom they knew and Frank Booker, whom they had never met before.  Ingram asked Rollins to give him a ride back to his house so that he could get

his phone charger and he got into Rollins' vehicle. Since they did not know Booker, they left him at the Get Go gas station.

Rollins drove Ingram to his house and they agreed to meet a little while later so all of them could smoke some marijuana. Later that day they met up with Gerald Brown and they smoked the marijuana. Rollins decided to go back to the Get Go station and was travelling along Coal Hollow Road when they ran into Ingram who was leaving his girlfriend's house who asked them to give Booker a ride and he would pay for it. They met up with Booker a short time later and he agreed to pay for the ride to go to Blackadore Street. Booker was seated directly behind Rollins in the left rear passenger seat. When they approached the intersection of Blackadore and Ravina, Rollins stopped the car. Scheuermann, who was on the phone, thought that Booker was going to pay Rollins for the jitney ride since he was fiddling with something inside of his hoodie. Booker then pulled a silver gun and put it to Rollins head and told him to "give it up." When Brown saw the gun, he opened the right rear passenger door and ran from the car. Rollins attempted to swat the gun away from Booker and Scheuermann grabbed his wrist in an effort to get it away from Booker. Rollins then attempted to push Booker toward the open right rear door when Booker started to fire anywhere between five and six shots at Rollins. Booker then fled from the scene. The Escalade started to drift back down Blackadore until it hit another car and came to rest. Rollins then opened the driver's door and rolled out of the car and was lying on the ground. Scheuermann called 911 and requested the police and paramedics who arrived within ten minutes of that call. It is obvious that Rollins was in critical condition as a result of the life-threatening wounds that he received. When he was transported by the paramedics to Presbyterian-University Hospital, he had no pulse and was subsequently declared dead by the physicians who initially treated him at the hospital. No weapon was found on Rollins by the paramedics or the emergency room personnel who attempted to treat Rollins.

In processing the Escalade, two bullet fragments were found, one in the driver's door and the other one in the driver's footwell. It was determined that the bullet fragments were the same caliber and although they had similar markings, the criminalist who examined these fragments was unable to determine if they had been fired from the same weapon because one of the fragments was so small.

Brown and Scheuermann were interviewed that evening and told the Allegheny County Police that Booker was the shooter. The police prepared photo arrays for both Brown and Scheuermann and both of these individuals identified Booker as the individual who shot Rollins. An arrest warrant was issued for Booker and several weeks later, he was arrested in Williamsport, Pennsylvania.

Trial Court Opinion, 3/2/15, at 3-5.

On appeal, Booker seeks to raise two challenges to the jury instructions provided by the trial court.[1] Both issues are premised upon Booker's theory of the case that Rollins and Scheuermann attempted to rob him in the Escalade, and that he shot Rollins believing that his life was in danger. However, prior to addressing this issue, we must determine whether it has been properly preserved.

"No portions of the charge or omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(B). Furthermore, the Supreme Court of Pennsylvania has held that "the mere submission and subsequent denial of proposed points for charge that are … omitted from the instructions

_____

[1] We note that counsel for Booker failed, in contravention of Pa.R.A.P. 2111(a), to include a separate section in his appellate brief setting forth a statement of questions involved. Since counsel provided detailed statements of the issues in his statement of the scope and standard of review, and provides a thorough argument section, this failure does not impact our ability to review Booker's claims. We highlight this error merely to alert counsel to this technical non-compliance with the Rules of Appellate Procedure.

actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." **Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005). Even if an appellant objects to an instruction during the charging conference, this Court has found the issue waived if there is no objection after the actual instructions have been given. **See Commonwealth v. Parker**, 104 A.3d 17, 29 (Pa. Super. 2014).

In the instant matter, defense counsel asked the trial court "[a]re you going to charge on self-defense at all?" N.T., Trial, 8/20-22/13, at 251. After the trial court indicated that it would not, defense counsel argued that self-defense was an issue for the jury to decide. **See id**., at 251-252. After hearing counsel's argument, the trial court again declined to instruct the jury on self-defense, to which defense counsel responded, "[o]kay, then if you would give me a few minutes, I need to take that information out of my closing." **Id**., at 252. After the trial court read its instruction to the jury, it asked for any additions or corrections from the parties. Defense counsel responded, "[n]othing on behalf of the defense, Your Honor." **Id**., at 295.

Thus, while defense counsel requested that the trial court instruct the jury on the issue of self-defense, she did not object after the actual instruction did not include this issue. Under **Pressley** and **Parker**, this failure results in waiver of Booker's challenges to the jury instructions.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015