J-S69038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEANCELIN NOCENT, | |
| Appellant | No. 438 MDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0001997-2015

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 05, 2016**

Appellant, Jeancelin Nocent, appeals from the judgment of sentence imposed pursuant to his jury conviction of delivery of cocaine, possession of cocaine with intent to deliver (PWID), possession of a small amount of marijuana, and driving while operating privilege is suspended.[1]  We affirm.

We take the following factual and procedural background from our independent review of the certified record.  We provide only those facts necessary for disposition of this appeal.  The Commonwealth filed an information against Appellant containing the above charges on April 9, 2015.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and (a)(31)(i), and 75 Pa.C.S.A. § 1543(b)(1), respectively.

The charges against Appellant were a result of his March 17, 2015 sale of crack cocaine to a confidential informant (CI) during a controlled buy.

Appellant's two-day trial began on January 14, 2016. On the previous day, January 13, 2016, the Commonwealth provided Appellant's counsel with three photographs of Appellant with the CI. (*See* N.T. Trial, 1/14/16, at 3-4). At trial, Appellant stated that he knew the CI by his street name, "Bee." (*See id.* at 203, 205). According to Appellant, he smoked crack and marijuana with Bee, who is a friend to both him and his child's mother. (*See id.* at 194-95, 213, 217). Appellant testified that "[Bee] always buys crack for me and I go buy weed." (*Id.* at 217). He maintained that, on the day of Appellant's arrest, Bee asked him to buy marijuana for them to use together. (*Id.* at 194, 217). In turn, Appellant "gave $100 to [his] friend[, Bee,] to buy crack so that [they] could smoke." (*Id.* at 195; *see also id.* at 217). Prior to the arrest, Appellant and Bee intended to return to Appellant's house to get high. (*See id.* at 195, 213-14). Appellant also testified that Bee would entrust him with money for safe-keeping so that he did not spend it on drugs. (*See id.* at 195 ("[Bee] gave me [sixty dollars] and asked me to keep it for him because he did not want to buy drugs with it."); *see also id.* at 213).

Because the Commonwealth did not call Bee as a witness, Appellant requested that the court give a missing witness instruction.[2] The court denied the request on the basis that "the missing witness rule applies when you don't know who [the witness] is and you couldn't have called him in." (N.T. Trial, 1/15/16, at 221). More specifically, the court stated to defense counsel: "[Y]ou did know who he was. [Appellant] testified it's his buddy Bee. They do crack together. He comes over to his house. . . ." (*Id.* at 222).

Appellant did not object to the court's denial. (*See id.*). Also, at the close of the jury charge, when the trial court asked both counsel if they "ha[d] any additions or corrections," they expressly responded that they did not. (*Id.* at 264).

The jury immediately retired to deliberate and returned with a verdict convicting Appellant of all charges. Appellant waived a pre-sentence investigation report, and the trial court sentenced him to an aggregate term

---

[2] Appellant fails to identify where in the certified record his request for the instruction appears. (*See* Appellant's Brief, at 8-14); *see also* Pa.R.A.P. 2119(c) ("If reference is made to . . . any . . . matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears."). Also, after our independent review of the certified record, it does not appear that the request is in the notes of testimony provided to this Court. However, because the trial court's **denial** is in the certified record, and the Commonwealth does not dispute that Appellant sought the charge, (*see* Commonwealth's Brief, at 13), this does not affect our review.

of not less than time served nor more than twenty-three months' incarceration, plus probation and costs. The trial court denied Appellant's post-sentence motion challenging the weight of the evidence. (***See*** Post-Sentence Motion, 1/27/16, at unnumbered pages 2-3). It granted the Commonwealth's motion for reconsideration of sentence, and, on February 17, 2016, it modified the judgment of sentence to correct the numbering of the counts so that they matched the information. (***See*** Order, 2/17/16). Appellant timely appealed.[3]

Appellant raises one question for our review: "[Whether] the trial court erred when it failed to provide a missing witness instruction to the jury?" (Appellant's Brief, at 4) (unnecessary capitalization omitted).

It is well settled that:

> "[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." The Rules of Criminal Procedure provide that "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(B).

***Commonwealth v. Janda***, 14 A.3d 147, 163 (Pa. Super. 2011) (case citation omitted).

Importantly, the Pennsylvania Supreme Court held that:

---

[3] Pursuant to the trial court's order, Appellant filed a timely statement of errors complained of on appeal on April 26, 2016, and the court filed an opinion on May 13, 2016. ***See*** Pa.R.A.P. 1925. Appellant's statement listed five issues. However, he has only raised one on appeal.

> [U]nder Criminal Procedural Rules 603 and 647(B), the mere submission and subsequent denial of proposed points for charge that are . . . omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points.

***Commonwealth v. Pressley***, 887 A.2d 220, 225 (Pa. 2005) (footnote omitted).

Here, Appellant requested the missing witness instruction because the Commonwealth did not call Bee to testify. (***See*** Appellant's Brief, at 6). The court denied the request on the basis that Bee was equally available to both parties.[4] (***See*** N.T. Trial, 1/15/16, at 220-22). Counsel did not object to the denial and, at the close of jury instructions, when the trial court expressly asked the attorneys whether they had "any additions or corrections to the charge," they both replied, "[n]o, Your Honor." (***Id.*** at 264; ***see id.*** at 222). The jury immediately exited the courtroom. (***See id.*** at 265).

Therefore, Appellant has failed to preserve his issue on appeal. ***See Pressley***, ***supra*** at 225; ***Janda***, ***supra*** at 163 (concluding appellant waived

---

[4] The missing witness rule provides, in relevant part, that:

> When a potential witness is available to only one of the parties to a trial, . . . then if such party does not produce the testimony of this witness, the jury may draw an inference that [the testimony] would have been unfavorable.

***Commonwealth v. Boyle***, 733 A.2d 633, 638 (Pa. Super. 1999) (citation omitted). However, where the uncalled witness is equally available to both parties, the instruction is precluded. ***See id.***

issue for review where his requested jury instruction was denied, and he failed to object at close of court's charge); **see also** Pa. R.Crim.P. 647(B).[5]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2016

---

[5] Moreover, we briefly note that, based on our review of the record, specifically Appellant's testimony about his relationship with Bee, the trial court properly denied his request for the missing witness jury instruction. **See Boyle**, **supra** at 638.