J-S43007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDERICK S. WALTER, II | |
| Appellant | No. 1348 WDA 2016 |

Appeal from the Judgment of Sentence August 9, 2016
In the Court of Common Pleas of Venango County
Criminal Division at Nos: CP-61-CR-0000474-2015; CP-61-CR-0000666-2015

BEFORE: STABILE, SOLANO, and FITZGERALD, [*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED  NOVEMBER 14, 2017**

Appellant, Frederick S. Walter, II, appeals from the August 9, 2016 judgment of sentence entered in the Court of Common Pleas of Venango County ("trial court") sentencing him to an aggregate term of 14-30 years' incarceration.  Upon review, we affirm.

Appellant was charged in docket CR 474-2015 with two counts of aggravated indecent assault and two counts of indecent assault,[1] stemming from an incident wherein Appellant digitally penetrated a fourteen-year-old

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(1), 3125(a)(8), 3126(a)(1), and 3126(a)(8), respectively.

girl. On January 23, 2015, Appellant was at K.T.'s[2], residence, assisting her step-father with a vehicle repair. **See** N.T. Preliminary Hearing, 9/9/15, at 6-7.[3] Appellant led K.T. up to her bedroom to play some music. While in K.T.'s bedroom, Appellant was drinking rum, and unzipped K.T.'s pants, and digitally penetrated her vagina. **Id.** at 9-10. K.T. told Appellant to stop, after which Appellant asked K.T. if she wanted to kiss him, which she responded in the negative. **Id.** at 11. Shortly after this incident K.T. reported the assault to her mother. **Id.**

In docket CR 666-2015, Appellant was charged with four counts of aggravated indecent assault and two counts of indecent assault,[4] stemming from multiple incidents wherein Appellant digitally penetrated E.P., a young girl, who was between ten and eleven years old. Multiple incidents took place and typically involved Appellant going into E.P.'s bedroom at night, while drinking rum, and digitally penetrating her vagina. N.T. Preliminary Hearing, 12/9/15, at 9-12.

_____

[2] At the time of the assault, K.T. was a fourteen year old girl.

[3] All relevant factual information is derived from the transcripts of the preliminary hearings held on September 9, 2015, and December 9, 2015. The transcripts were admitted into evidence at the pretrial hearing on joinder. As the only challenge pertaining to the facts of the matter *sub judice* relate to Appellant's pretrial objection to joinder, we cite to these transcripts.

[4] 18 Pa.C.S.A. §§ 3125(b), 3125(a)(7), 3125(a)(8), 3126(a)(1), 3126(a)(7), and 3125(a)(1), respectively.

On March 24, 2016, the Commonwealth filed a notice of joinder pursuant to Pa.R.Crim.P. 582. Appellant filed an objection to the Commonwealth's notice on March 28, 2016. The trial court held a hearing on April 4, 2016, at which it admitted into evidence the transcripts of the preliminary hearings held on September 9, 2015,[5] and December 9, 2016.[6] The trial court overruled the objection on April 6, 2016.

On May 19, 2016, Appellant filed a motion *in limine* seeking to strike the seven shared jurors that sat on the unrelated case of **Commonwealth v. Mays**, CR No. 594-2015. Appellant asserted that following the conclusion of the **Mays** trial, Assistant District Attorney Brenda Servidio spoke to members of the **Mays** jury regarding inadmissible criminal background information, specifically, whether that information would have changed the verdict from not guilty to guilty. The trial court held a hearing on May 20, 2016, on Appellant's motion. After hearing from juror number 3, on the record, the trial court determined that the juror was competent and qualified to continue serving on the jury. **See** N.T. Jury Trial Day 1, 5/20/16, at 20-21. At the beginning of the jury trial, the trial court questioned the jury panel as a whole, as to whether any member of the jury, excluding juror number 3, had any contact with Assistant District Attorney Brenda Servidio,

---

[5] In case CR 474-2015.

[6] In case CR 666-2015.

or overheard any of the conversation discussed above. *Id.* at 41-42. There were no additional responses from the jury.

Following a two-day jury trial held on May 20, and 23, 2016, the jury convicted Appellant on all counts. The trial court ordered a presentence investigation and a Sexual Offender Assessment Board ("SOAB") assessment. On August 23, 2016, the trial court conducted a sexually violent predator ("SVP") hearing, at the conclusion of which it found Appellant to be a SVP and sentenced him to an aggregate term of 14 to 30 years' incarceration. Appellant did not file any post-sentence motions. Appellant filed a timely notice of appeal on September 7, 2016, and an amended notice of appeal on September 8, 2016. The same date, the trial court directed Appellant to filed a concise statement of errors complained of on appeal. Appellant filed his concise statement on September 13, 2016, and the trial court issued a Pa.R.A.P. 1925(a) opinion on October 28, 2016.

Appellant raises three issues for our review, which we repeat verbatim.

[I.] Whether the trial court erred as a matter of law or abused its discretion when granting the motion to consolidate CR No. 474-2015 and CR No. 666-2015, when there was no evidence that cases were similar[,] having a common plan or scheme[,] and in fact were two separate and distinct cases.

[II.] Whether the trial court erred as a matter of law or abused its discretion by not dismissing the jury panel after discovering that the Assistant District Attorney, Brenda Serivdo, Esquire, had tainted the jury by talking to a shared juror in a prior case about criminal defendants having prior records that jurors are not told about.

> [III.] Whether the trial court erred as a matter of law or abused its discretion when the trial court permitted the District Attorney to talk about expert evidence in his closing that was not presented in trial and the instruction to fix this error did not address that the [C]ommonwealth could not make this argument but rather said both sides could not address expert testimony.

Appellant's Brief at 5.

Appellant asserts that the trial court erred when it granted the Commonwealth's motion to consolidate cases pursuant to Pa.R.Crim.P. 582 based on a common scheme. "It is well settled that the decision of whether to join or sever offenses for trial is within the discretion of the trial court, and such decision will not be reversed on appeal absent a manifest abuse of that discretion or a showing of prejudice and clear injustice to the defendant." *Commonwealth v. Stiles*, 143 A.3d 968, 975 (Pa. Super. 2016) (citing *Commonwealth v. Wholaver*, 989 A.2d 883, 898 (Pa. 2010)). "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Commonwealth v. Dargan*, 897 A.2d 496, 500 (Pa. Super. 2006) (alteration in orginal) (quoting *Commonwealth v. Hood*, 872 A.2d 175, 178 (Pa. Super. 2005) *appeal denied*, 889 A.2d 88 (Pa. 2005)). Rule 528 provides for joinder of certain offenses in certain instances.

**(A)  Standards**

(1)   Offenses charged in separate indictments or informations may be tried together if:

    (a)   The evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

    (b)   The offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582. "Evidence of other bad acts is not admissible in a criminal trial in order to prove that the defendant had a propensity to act in such a manner." *Commonwealth v. Judge*, 897 A.2d 1224, 1231 (Pa. Super. 2006) (citing Pa.R.E. Rule 404(b)(1)). However, it is well established that "evidence of prior bad acts could be admitted if it were relevant to show: (1) motive; (2) intent or knowledge; (3) absence of mistake or accident; (4) common scheme or plan; or (5) identity." *Id.* (citing *Commonwealth v. Sam*, 635 A.2d 603 (Pa. 1993), *cert. denied*, 511 U.S. 1115 (1994)). Thus, if the evidence tends to show a common scheme or plan, the offenses may be charged together. In *Commonwealth v. Aikens*, 990 A.2d 1181 (Pa. Super. 2010), this Court affirmed a challenge to the admission of a prior sexual assault under the common scheme exception where the victims were of similar ages (14 and 15), victims were the defendant's biological daughters, his sexual abuse started the same way, and the assaults occurred in bed. *Id.* at 1186.

In the matter *sub judice*, the assault of K.T., who at the time was 14 years of age, took place in her bedroom, Appellant was drinking rum, and

Appellant placed his hand in her vagina. Similarly, the assaults of E.P., who was approximately 10 or 11 years old, took place in her bedroom, Appellant was drinking rum, and placed his hand in her vagina. Further, Appellant was not related to either victim, he was dating E.P.'s mother, and was a family friend of K.T.'s stepfather. Appellant asserts that there were differences in the timing of the act, specifically that one occurred at night and one occurred in the morning. Appellant further argues that there were different people present in the house at the time of the assaults and that E.P. was sleeping when the assaults occurred, establishes that there is insufficient commonality between the events. We disagree. The similarities in the assaults "were not confined to insignificant details that would likely be common elements regardless of who committed the crimes." *Aikens*, 990 A.2d at 1186 (quoting *Commonwealth v. Hughes*, 555 A.2d 1264 (Pa. 1989)). The victims were of similar ages, the assaults took place in the victim's bedrooms, Appellant was drinking rum at the time of each assault, and the manner of the assaults were similar. Thus, the evidence is similar and would be admissible in a separate trial to show a common plan or scheme, and the instances are capable of separation by the jury. Therefore, the trial court did not abuse its discretion when it permitted the cases to be tried together pursuant to Rule 582. Appellant's claim fails.

Next, Appellant asserts that the jury was tainted via contact in the hallway with a member of the Venango County District Attorney's office. Specifically, the assistant district attorney spoke to a juror about

inadmissible criminal history evidence in a prior case, and whether if they heard such evidence would it have changed the jury's verdict from not guilty to guilty. "Pennsylvania law generally requires a showing that *ex parte* communications with a jury resulted in prejudice in order to warrant relief." **Commonwealth v. Daniels**, 104 A.3d 267, 296 (Pa. 2014) (citing **Commonwealth v. Ali**, 10 A.3d 282, 313 (Pa. 2010)). Prior to ruling on Appellant's motion *in limine*, the trial court questioned the purportedly tainted juror as follows.

> Q: . . . The court has been made aware that you may have overheard a conversation between the Commonwealth and one of the other jurors that was involved in the May case. The Commonwealth's attorney was asking him some questions.
>
> A. You talking about after the trial?
>
> Q. After the trial, yes. That's what we need to inquire about right now. Do you recall that? Did you overhear anything?
>
> A. The DA you mean?
>
> Q. Yes.
>
> A. Yes.
>
> Q. Okay. You know what part of the conversation you heard?
>
> A. She was talking directly actually to me, and what it was was, would it have made any difference if we could have presented this extra evidence? I said, well it may have. But I says, that's not how the court system works.. Yeah, there's stuff that has to be suppressed, it's not related directly to that trial so .. .
>
> Q. Okay. Now, can you tell us who all was present at that time?
>
> A. There was one other juror, also.
>
> Q. And I did speak with Ms. Servidio and she indicated it was [M.B.]?

- 8 -

A. The younger, gentleman?

Q. Yes.

A. Yes.

Q. That would've been him. All right. Were there any other jurors around?

A. Not that I'm aware of.

Q. Okay. Now, given that position, I just want to make sure that doesn't in any way affect your ability to be fair and impartial in this case?

A. No, because I'm quite aware of the judicial system and evidence is evidence. What's presented here is what decides the case not anything else.

Q. And that is part of the instructions that we give you that you cannot consider any other evidence that you may learn about this case outside what's delivered from a witness on the witness stand under oath. So, you can follow that instruction?

A. Yes.

Q. You believe you can be fair and impartial in this case?

A. Most definitely, yes.

N.T. Jury Trial Day 1, 5/20/16, at 17-18. It is troubling that an assistant district attorney would discuss patently inadmissible testimony with a juror, and ask whether that extremely prejudicial information would have an effect on a verdict. The fact that this juror was not yet excused from jury duty service compounds the inexplicable conduct of Attorney Servidio. However, the juror was astute and honest and credibly testified that s/he would remain fair and impartial in this case. Moreover, the juror accurately explained the role of a juror and that the decision of the jury must be made

solely on the evidence admitted at trial. Thus, we find that the trial court did not abuse its discretion when it did not excuse this juror. Appellant's claim fails.

Next, Appellant asserts the trial court erred in its charge to the jury when it provided a curative instruction regarding expert evidence. While Appellant did object to the Commonwealth's closing argument, Appellant failed to object to the trial court's curative jury instruction. Pennsylvania Rule of Criminal Procedure 647 provides that "[n]o portions of the charge nor omissions from the charge may be assigned as error unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). Further, "the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge." **Commonwealth v. Pressley,** 887 A.2d 220, 225 (Pa. 2005). As discussed above, Appellant did not object pursuant to Rule 647(C) before the jury retired to deliberate. **See** N.T. Jury Trial Day 2, 5/23/16, at 317-348. Thus, Appellant's claim is waived.

Judgment of sentence affirmed.

Judge Solano joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2017