J-S45023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ZAMBRI | : | |
| | : | |
| Appellant | : | No. 1498 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 3, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000185-2020

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED: MARCH 21, 2025**

Appellant, Charles Zambri, appeals from the October 3, 2023 judgment of sentence entered in the Luzerne County Court of Common Pleas following his conviction for Aggravated Indecent Assault of a Person Less Than 13 Years Old and related charges. Appellant challenges the admission of evidence under the Tender Years Exception to the Rule Against Hearsay and the omission of a jury instruction for "Failure to Make a Prompt Complaint." After careful review, we affirm, concluding that Appellant waived his issues.

We glean the relevant factual and procedural history from the trial court's opinion and the certified record in this case involving Appellant's alleged sexual abuse of B.S. ("Child"). Appellant was a close friend of Child's father and babysat Child. At the time of the alleged abuse, Child lived with his father ("Father") and was "was estranged from his mother, who was at times incarcerated." Trial Ct. Op., 3/8/24, at 11. In January 2019, "soon

after reuniting with" his mother ("Mother"), Child revealed to Mother that Appellant had sexually abused him beginning when he was approximately seven or eight years old. *Id.* at 12. At the time of the disclosure, Child was ten years old. Describing the first incident, Child told Mother that "while he was alone with [] Appellant watching 'Family Guy' on television, the program made some reference to masturbation which prompted [Child] to ask the Appellant . . . about what the remark meant." *Id.* at 2. Child alleged that "Appellant removed [Child's] pants and placed his hand on [Child's] penis to demonstrate masturbation." *Id.*

On January 18, 2019, Child participated in a recorded interview at the Luzerne County Child Advocacy Center, during which he repeated the accusations set forth above ("CAC interview video"). *Id.* at 6. Child "made additional disclosures about subsequent instances of escalating sexual abuse[.]" *Id.* at 2. Thereafter, the Commonwealth charged Appellant with various crimes related to his abuse of Child.[1]

On December 10, 2021, the trial court held a hearing on the Commonwealth's motion to admit evidence under the Tender Years Exception. The evidence included Mother's testimony regarding Child's disclosures to her, the CAC interview video, and testimony of a caseworker regarding Child's statements to her. The court permitted the admission of Mother's testimony

---

[1] The Commonwealth also charged Father with crimes based upon his attempt to discourage Child from disclosing the abuse and to exonerate Appellant. Trial Ct. Op. at 2.

and the CAC interview video under the Tender Years Exception but denied admission of the caseworker's testimony.

During the November 15-17, 2022 jury trial, the Commonwealth presented several witnesses, including Child and Mother, and played the CAC interview video for the jury. Toward the end of trial, the trial court ruled upon the parties' proposed jury instructions. In so doing, it rejected Appellant's request for an instruction on "Failure to Make a Prompt Complaint," which the court found inapplicable to a child. N.T. Trial Vol. 2, 11/15/22-11/17/22, at 289.

On November 17, 2022, the jury convicted Appellant on all counts, specifically: Aggravated Indecent Assault of a Person Less Than Thirteen Years Old, Indecent Assault of a Person Less Than Thirteen Years Old, Endangering the Welfare of Children, Corruption of Minors, and Involuntary Deviate Sexual Intercourse with a Child.[2] On October 3, 2023, the trial court sentenced Appellant to 11 to 22 years of incarceration and found him to be a sexually violent predator.

On October 26, 2023, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues on appeal:

_____

[2] 18 Pa.C.S. §§ 3125(a)(7), 3126(a)(7), 4304(a)(1), 6301(a)(1)(ii) and 3123(b), respectively.

1. Whether the Trial Court erred by admitting a Child Advocacy Video under the Tender Years Exception when the Trial Court had not watched the video in its entirety?

2. Whether the Trial Court erred by admitting a Child Advocacy Video and the testimony of a complainant's mother through the Tender Years Exception when it did not find the testimony was relevant as required by 42 Pa.C.S. [§] 5985.1?

3. The Trial Court erred by not providing Jury Instruction 4.13A Failure to Make Prompt Complaint where the Court did not conduct an analysis whether the instruction was appropriate and the complainant's testimony established the complaint was competent, the complainant knew the conduct was wrong, the defendant did not have custodial control over the complainant at the time of the alleged conduct and the complainant made two prior timely complaints that did not include the alleged criminal conduct against the Appellant.

Appellant's Br. at 4.

In his first issue, Appellant argues that the trial court erred in admitting the CAC interview video under the Tender Years Exception, claiming that the trial court "had not watched the video in its entirety" prior to ruling on the matter. Appellant's Br. at 14, 13-21. Appellant bases this accusation on the transcript of the December 10, 2021 hearing, which records a recess as occurring from 2:29 PM to 3:06 PM, taken so the court could review the evidence and the parties' arguments. Appellant claims that the trial court "would not have been able to review the [29-minute] CAC video in its entirety during this period since the [t]rial [c]ourt also references reviewing case law during this 37-minute period." *Id.* at 17-18.

Appellant, however, fails to indicate where in the record he preserved this issue with a timely objection. Indeed, the record reveals that Appellant's counsel did not raise any argument following the recess at the December 10,

2021 hearing suggesting that the court did not review the video. N.T. Motions Hr'g, 12/10/21, at 44-51. Similarly, at trial, while Appellant's counsel objected to the video as cumulative of Child's testimony, she did not object based upon the court's failure to view the entire video. N.T. Trial Vol. 2. at 93-94. Thus, Appellant failed to provide the court an opportunity to clarify the record or remedy any error. Accordingly, Appellant waived this argument. *See* Pa.R.E. 103(a)(1) (requiring a timely objection to the admission of evidence stating the specific grounds); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see also* Pa.R.A.P. 2119(e) (requiring references to record establishing issue preservation); Pa.R.A.P. 2101 (providing for dismissal of appeal where briefing defects are substantial).[3]

***

In his second issue, Appellant contends that the trial court erred in admitting Mother's testimony regarding Child's disclosure and the CAC interview video under the Tender Years Exception, 42 Pa.C.S. § 5985.1. He asserts that the court did not expressly state that it found the evidence to be relevant. Appellant's Br. at 21-27. He additionally argues that the trial court

---

[3] Moreover, the trial court rejected the merits of Appellant's argument, stating that it watched the video in full and reviewed the preliminary hearing transcripts during the recess. Trial Ct. Op. at 7. The court opined that the notation indicating that the recess concluded at 3:06 PM was a typographical error, which should have read 4:06 PM, given that the hearing concluded at 4:20 PM, after the court announced its decision. *Id.* at 7 n.2.

did not find the evidence "more probative than prejudicial[,]" as required by Pa.R.E. 403. Appellant's Br. at 21.

As with his first issue, Appellant does not direct this Court to the portion of the record where he preserved these claims at trial, in violation of Pa.R.A.P. 2119(e). Moreover, while it is undisputed that a court must conclude that admitted evidence is relevant and that its probative value outweighs its prejudicial effect, Appellant fails to cite any authority requiring a trial court to proclaim these findings on the record, rather than merely admitting the evidence. *See* Pa.R.A.P. 2119(a) (requiring citation of relevant authority); Pa.R.A.P. 2101. Accordingly, Appellant waived this issue.[4]

\*\*\*

In his third issue, Appellant contends that the trial court abused its discretion by failing to provide the jury with a "Failure to Make a Prompt Complaint" instruction. Appellant's Br. at 27-39.

Appellate courts will only review a jury instruction challenge where the challenger preserved the issue before the trial court. *See Commonwealth v. Pressley*, 887 A.2d 220, 223 (Pa. 2005); *see also* Pa.R.Crim.P. 647(C) (requiring specific objections to jury instructions before the jury retires to deliberate). "[T]he mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions

---

[4] The court additionally rejected Appellant's argument on the merits, asserting that the CAC interview video and Mother's testimony "were both sufficiently reliable and highly relevant to the facts of this case." Trial Ct. Op. at 8.

actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." ***Pressley***, 887 A.2d at 225.

In its Pa.R.A.P. 1925(a) opinion, the trial court found that Appellant did not preserve this issue at trial. Trial Ct. Op. at 10. Before this Court, Appellant attempts to refute this finding by arguing that the trial court "prevented Appellant from discussing specific language of the instruction" and "from engaging in a constructive conversation whether the language of the instruction was appropriate." Appellant's Br. at 33-34.

The record, however, does not support Appellant's assertion. As set forth above, Appellant requested the instruction at the conclusion of testimony, and the court opined that the charge was inapplicable given Child's age. N.T. Trial Vol. 2 at 289. The court then stated,

> Based on that, I would not give that instruction. Okay? All right. Before we move [on], is there anything else that we need to address?"

***Id.*** Appellant's counsel did not respond with additional argument or lodge an objection; instead, counsel stated, "[n]othing further." ***Id.*** at 290. Similarly, when the trial court concluded its instructions, the court asked if there was "anything additional from counsel at this time?" N.T. Trial Vol. 1 at 99. Counsel responded, "No, Your Honor." ***Id.*** Accordingly, we conclude that Appellant waived his challenge to the jury instruction.

Having found each of Appellant's claims waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025