J-S29018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRIAN L. SINES | |
| Appellant | No. 1168 WDA 2015 |

Appeal from the Judgment of Sentence July 17, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000171-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED MAY 26, 2016**

Appellant, Brain L. Sines, appeals from the sentence of judgment entered after a jury convicted him of, among others, possession of a firearm by a person statutorily prohibited. Sines raises three issues with the instructions given to the jury during the trial. After careful review, we conclude that Sines, who represented himself *pro se* during the trial, failed to object to the trial court's instructions, and therefore has waived all of the issues he has raised on appeal.

Given our resolution of this appeal, a detailed factual and procedural history is unnecessary. We merely note that at the start of his jury trial, Sines requested that his attorney withdraw his appearance, so that Sines

_____

[*] Former Justice specially assigned to the Superior Court.

could represent himself. **See** N.T., Trial, 7/7-8/15, at 7. After a colloquy, during which the trial court repeatedly advised Sines against representing himself at trial, the trial court granted Sines's request to proceed *pro se*, with his prior counsel remaining as stand-by counsel. **See id**., at 7-12.

As noted above, Sines was ultimately convicted of several crimes, including possession of a firearm, for which he was statutorily ineligible due to a previous felony conviction. The trial court sentenced Sines to an aggregate term of imprisonment of 76 to 156 months of imprisonment. Sines subsequently filed this timely appeal, and counsel was appointed to represent Sines.

On appeal, Sines raises three challenges to the instructions the trial court provided the jury before sending them out for deliberations. "No portions of the charge or omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(B). Furthermore, the Supreme Court of Pennsylvania has held that "the mere submission and subsequent denial of proposed points for charge that are … omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." **Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005) (footnote omitted). Even if an appellant objects to an instruction during the charging conference, this Court has found the issue waived if there is no objection

after the actual instructions have been given. ***See Commonwealth v. Parker***, 104 A.3d 17, 29 (Pa. Super. 2014).

When the trial court finished its instructions to the jury before sending them out to deliberate, it asked Sines for "any corrections or additions to the charge[.]" N.T., Trial, 7/7-8/15, at 117. Sines responded, "None that I see, Your Honor." ***Id***. Since Sines did not object to the charge after it was given, all challenges to the instruction on appeal are waived. Sines has raised no other issue. We therefore affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2016