J-S80039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANDREW LEWIS LEGO | |
| Appellant | No. 572 MDA 2016 |

Appeal from the Judgment of Sentence March 21, 2016
in the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000465-2015

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 03, 2017**

Appellant, Andrew Lewis Lego, appeals from the March 21, 2016, judgment of sentence of fourteen months to two and one-half years of incarceration imposed after his conviction for possession with intent to deliver a controlled substance, delivering a controlled substance, and criminal use of a communication facility.[1]  We affirm.

Appellant was arrested as a result of a Pennsylvania State Police investigation which utilized controlled buys made by a confidential informant, William Register.  **See** Notes of Testimony (N. T.), 1/14/16, at 19-26.  Mr. Register and Appellant knew each other previously, as they played pool together.  **Id.** at 70.  Appellant had a prescription for pain

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 7512.

medication but reported forty of the pills stolen. N. T. at 102-103. On June 10, 2014, and June 19, 2014, respectively, Mr. Register purchased nine pills of Oxyocodone and eight pills of Oxycodone from Appellant. *Id.* at 27-28, 33-34, 75-81. Each time, Mr. Register paid Appellant with $40.00 of pre-recorded buy money. *Id.* at 28, 33-34. While arranging the second controlled buy, Mr. Register called Appellant seven times due to bad cell phone reception. *Id.* at 76.

Appellant testified in his own defense. *Id.* at 96. Appellant stated that Mr. Register asked Appellant for pain medication and harassed him on the phone and at pool games. *Id.* at 98-101. Appellant testified that he felt sorry for Mr. Register, who suffered from foot pain, and eventually gave him the pills. *Id.* at 101-102. Appellant denied that he had accepted money in exchange for the pills. *Id.* at 105.

In his opening argument, Appellant mentioned an entrapment defense. At the close of testimony, the trial court stated that it had not heard any evidence that would justify instructing the jury on entrapment, so the court did not wish Appellant to mention entrapment in his closing. *Id.* at 108. Trial counsel did not object but instead stated he felt there was some evidence to justify the instruction. *Id.* at 109. The court made its ruling, and trial counsel did not object. *Id.*

On January 14, 2016, following trial, a jury convicted Appellant of two counts of possession with intent to deliver a controlled substance, two counts of delivering a controlled substance, and two counts of criminal use of

a communication facility. The Commonwealth withdrew two charges of possession of a controlled substance.[2] On March 21, 2016, the court sentenced Appellant to an aggregate sentence of fourteen months to two and one-half years of incarceration.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a statement in lieu of a formal opinion pursuant to Pa.R.A.P. 1925(a).

Herein, Appellant presents two issues for our review:

I. Whether the court erred in denying [Appellant's] request to have a jury instruction of entrapment read to the jury.

II. Whether the court erred in not permitting defense counsel to argue the defense of entrapment during his closing argument.

Appellant's Brief at 6 (unnecessary capitalization omitted).

First, Appellant argues that the trial court erred in denying his request to have the jury charged with entrapment. Appellant has waived this issue. Under the rules of criminal procedure,

the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points.

***Commonwealth v. Pressley***, 887 A.2d 220, 225 (Pa. 2005); Pa.R.Crim.P. 603, 647(b); Pa.R.A.P. 302. When the trial court informed Appellant that it

---

[2] 35 P.S. § 780-113(a)(16).

would not permit a charge on entrapment, counsel replied that he understood the court's ruling but felt there was some evidence to justify the instruction. Trial counsel presented that evidence to the court. The court then reiterated that it was not going to give the charge, and Appellant should not mention it in his closing. Again, counsel did not object. Consequently, Appellant has waived this issue for purposes of appeal.

Next, Appellant argues that the court erred in not permitting him to argue the defense of entrapment during his closing argument.

Appellant has also waived this issue by failing to lodge a contemporaneous objection at trial. *See Commonwealth v. May*, 887 A.2d 750, 758 (Pa. 2005) ("To the extent the claims would sound in trial court error, they are waived due to the absence of contemporaneous objections."); *see also Commonwealth v. Montalvo*, 956 A.2d 926, 937 (Pa. 2008) (noting that failure to object to order of closing arguments contemporaneously results in appellate waiver); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Our review of the record reveals that at no time did trial counsel lodge an objection to the trial court's ruling. Consequently, he has waived this issue for purposes of appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017