J-A26018-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
DUSTIN CAMERON NICHOLS   :
  :
Appellant   :   No. 1815 WDA 2018

Appeal from the Judgment of Sentence Entered November 14, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000347-2017

BEFORE: SHOGAN, J., LAZARUS, J., and OLSON, J.

JUDGMENT ORDER BY LAZARUS, J.:        FILED DECEMBER 10, 2019

Dustin Cameron Nichols appeals from his judgment of sentence, entered in the Court of Common Pleas of Mercer County, after a jury found him guilty of first-degree murder[1] and cruelty to animals.[2] He argues the trial court erred when it did not give the jury a no-adverse-inference instruction. After careful review, we affirm.

On February 6, 2017, Nichols killed Olivia Gonzalez shooting her four times with a 12-gauge shotgun. At trial, Nichols admitted to shooting Gonzalez, but he argued he was voluntarily intoxicated on lysergic acid diethylamide (LSD) and did not have the requisite criminal intent.

_____

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. § 5511(a)(1)(i).

Nichols chose not to testify at trial. During the charge to the jury, the Honorable Daniel P. Wallace did not give the jury a no-adverse-inference instruction. Nichols did not object or suggest additional jury instructions. The jury found Nichols guilty on October 19, 2019 and sentenced him to life imprisonment without the possibility of parole. The court denied post-sentence motions and this appeal follows.

Nichols has raised the single issue that the trial court committed reversible error when it did not provide the jury a no-adverse-inference jury instruction. With respect to jury instructions, we have explained that,

> [a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver. Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary.

Commonwealth v. Moury, 992 A.2d 162, 178 (Pa. Super. 2010); see also Pa.R.Crim.P. 647(c) (stating that "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate"). While Nichols' argument implicates his constitutional right not to testify at trial, even when the issue takes on a "constitutional dimension," a defendant must preserve the issue on peril of waiver. Commonwealth v. Veon, 150 A.3d 435, 456 n.33 (Pa. 2016).

Instantly, after he charged the jury, Judge Wallace asked the assistant district attorney and Nichols' attorney, "[a]ny additions or corrections to the

charge?" N.T. Trial, 10/19/18, at 94. Both attorneys responded in the negative. As no timely objections were made to the jury instructions before the jury retired to deliberate, we find Nichols' claim is waived. See Pa.R.Crim.P. 647(c), Moury, 992 A.2d at 178.[3]

Nichols argues that he preserved the issue by requesting the instruction when he declined to testify and his attorney read him an on-the-record colloquy.[4] Appellant's Brief, at 14-15. Even if we accepted that Nichols requested the no-adverse-inference jury instruction, he still failed to preserve the issue for review. See Commonwealth v. Pressley, 887 A.2d 220, 225 (Pa. 2005) (mere submission and subsequent denial of proposed jury instructions does not preserve jury instruction error for appellate review). The distinction between a proposed charge to the jury and an objection at a charging conference is significant.[5] Id. at 224.

Judgment of sentence affirmed.

_____

[3] Here, Nichols first raised his jury instruction issue in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

[4] The relevant portion of the colloquy reads, "[y]ou have a Fifth Amendment privilege that's afforded to everybody that says you cannot be compelled to testify and the jury will be instructed that that's not evidence of any type of guilt." N.T. Trial, 10/18/18, at 110-11.

[5] We note that the issue of trial counsel's effectiveness is not before us, nor could it be at this stage of proceedings. See Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002) (holding that generally, defendants should wait to raise claims of ineffective assistance of trial counsel until collateral review).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/10/2019</u>