J-A06034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAELA MARIE HILDRETH | : | |
| | : | |
| Appellant | : | No. 119 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 18, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001389-2022

BEFORE: OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: MAY 22, 2026**

Michaela Marie Hildreth ("Hildreth") appeals from the judgment of sentence entered by the Washington County Court of Common Pleas ("trial court") following her convictions of two counts of aggravated assault, one count of simple assault, and three counts of recklessly endangering another person.[1] On appeal, Hildreth challenges the trial court's denial of her request for a jury instruction on justification of deadly force in the defense of others. Because Hildreth failed to preserve this issue, we affirm.

The trial court provided a thorough summary of the testimony presented at Hildreth's trial, the majority of which we need not recite for purposes of our disposition. *See* Trial Court Opinion, 3/19/2024, at 5-8. Briefly, this matter

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), 2701(a)(2), 2705.

stems from an altercation between Hildreth and Amy Mruk ("Ms. Mruk"). The fight occurred while the two were en route to discern if a friend of Ms. Mruk's son had taken a firearm from the residence of John Mruk ("Mr. Mruk"), Ms. Mruk's estranged husband and Hildreth's boyfriend at that time. *See* N.T., 6/6/2023, at 31-39. As summarized by the trial court:

> Hildreth proceeded to pull up beside [Ms.] Mruk, rolled down the window of the vehicle, and said something to [Ms.] Mruk, which prompted [Ms.] Mruk to step up onto the running board of the vehicle and begin pulling Hildreth's hair. [N.T., 6/7/2023, at 47, 49; N.T., 6/6/2023, at 39]. The altercation between Hildreth and [Ms.] Mruk persisted for a few seconds before an unidentified individual exited the vehicle and pulled [Ms.] Mruk off of Hildreth and the vehicle. [N.T., 6/7/2023, at 50; N.T., 6/6/2023, at 40].

> Once she was pulled off of Hildreth, [Ms.] Mruk was far enough away from the vehicle that she could no longer reach out and touch the vehicle. [N.T., 6/7/2023, at 52]. [Ms.] Mruk then took a few steps towards the vehicle with her hands up and arms out to her side. [N.T., 6/7/2023, at 51; N.T., 6/6/2023, at 42]. At this point, [Mr.] Mruk grabbed the steering wheel of the vehicle, placed the vehicle into gear and told Hildreth to, "[j]ust go. Just hit the gas pedal." [N.T., 6/6/2023, at 40-41]. While [Mr.] Mruk was attempting to convince Hildreth to drive away, Hildreth shot [Ms.] Mruk below her armpit and near her rib cage on the right side of her body. [N.T., 6/7/2023, at 53; N.T., 6/6/2023, at 41]. [Mr.] Mruk, "shocked," asked Hildreth, "[w]hy did you shoot her?" [N.T., 6/6/2023, at 42, 60]. After being shot, [Ms.] Mruk, struggling to breathe, walked around the front of the vehicle and laid on the ground. [N.T., 6/7/2023, at 52]. Preceding to and during the altercation with Hildreth, [Ms.] Mruk was not armed with a firearm or knife, nor did she make any threats. [N.T., 6/7/2023, at 43-44, 51-52; N.T., 6/6/2023, at 94].

> Hildreth, however, claimed that after [Ms.] Mruk was pulled off of her, [Ms.] Mruk jumped back up onto the running board of the vehicle and resumed her attack on Hildreth by pulling on Hildreth's hair and hitting Hildreth's head off of the steering wheel. [N.T., 6/7/2023, at 162-63]. During the second attack, Hildreth

> claimed that she reached into her waistband, pulled out her firearm, and heard it fire. *Id.* at 163[].

Trial Court Opinion, 3/19/2024, at 6-7 (party designation altered). After being life-flighted to a hospital in Pittsburgh, Ms. Mruk was hospitalized for eleven days, having suffered a collapsed lung, three fractured ribs, and a blood clot in her other lung. N.T., 6/7/2023, at at 57-59. Hildreth's evaluation in a local emergency room did not reveal any injuries other than a small cut on her lip. N.T., 6/6/2023, at 130-31, 135-38.

Based on the foregoing, the Commonwealth charged Hildreth with attempted criminal homicide[2] and the charges noted above. The case proceeded to a three-day jury trial in June 2023, at which Hildreth testified. The jury acquitted Hildreth of attempted criminal homicide and convicted her of the remaining charges. The trial court sentenced Hildreth to an aggregate term of seven to fourteen years of incarceration followed by twelve months of reentry supervision. Hildreth filed a timely post-sentence motion and supplement thereto seeking, among other things, a new trial based on the trial court's denial of her request to charge the jury with Pennsylvania suggested standard criminal jury instruction 9.502: "Use of Force/Deadly Force in Defense

---

[2] 18 Pa.C.S. §§ 901(a), 2501(a).

of Others" ("Instruction 9.502").[3]  Following a hearing, the trial court denied her post-sentence motion on January 12, 2024.  This timely appeal followed.[4]

Hildreth presents two issues for our review:

1.  Did Hildreth waive appellate review of her request for [an Instruction] 9.502 jury instruction on justification of deadly force in the defense of others.

2.  Did the evidence presented at trial require [Instruction] 9.502 jury instruction on justification of deadly force in the defense of others.

Hildreth's Brief at 7 (party designation altered; answers omitted).

In its opinion, the trial court determined that Hildreth waived her challenge to its denial of Instruction 9.502 by failing to object.  Trial Court Opinion, 3/19/2024, at 9-11.  The trial court explained that when it denied Hildreth's request for that instruction during a charging conference, defense counsel did not object or make any argument in support of the instruction or

_____

[3] The Criminal Instructions Subcommittee of the Pennsylvania Supreme Court Committee for Proposed Jury Instructions prepares suggested standard jury instructions for criminal trials.  ***Commonwealth v. Bracey***, 831 A.2d 678, 684 n.5 (Pa. Super. 2003).  The suggested instructions are published by the Pennsylvania Bar Institute, which is the continuing legal education arm of the Pennsylvania Bar Association.  ***Id.***

[4] On April 24, 2024, Hildreth filed in the trial court a motion for bail pending appeal, which the trial court denied for lack of jurisdiction.  On May 13, 2024, she filed in this Court an application for bail pending appeal.  Upon order of this Court directing the trial court to rule upon the application, the trial court denied bail on June 5, 2024.  Hildreth subsequently filed in this Court a supplement to her bail application, and this Court denied her application on August 2, 2024.  On September 3, 2024, Hildreth filed a petition for allowance of appeal with our Supreme Court at No. 236 WAL 2024, which was administratively closed.  Hildreth then filed a petition for review with our Supreme Court at No. 71 WM 2024, which was denied on December 27, 2024.

in opposition of the denial, nor did he after the trial court charged the jury. *Id.* at 10. Pursuant to **Commonwealth v. Pressley**, it thus concluded that Hildreth failed to preserve the issue for appellate review. *Id.* at 11 (citing **Commonwealth v. Pressley**, 887 A.2d 220 (Pa. 2005)).

Relying on **Pressley** and **Commonwealth v. Greene**, 273 A.3d 1080 (Pa. Super. 2022), Hildreth argues that the trial court erred in finding waiver. Hildreth's Brief at 17-19. She contends that she properly preserved the issue, detailing the circumstances of her preservation: she requested Instruction 9.502, among other justification defense instructions, after the close of testimony; at the charging conference the next day, the trial court granted her request for instructions relating to self-defense and the castle doctrine but had not yet ruled on her request for a defense of others instruction; Hildreth then inquired about that instruction, and the trial court denied her request. *Id.* at 17-18. According to Hildreth, she did not place a "further objection" on the record because she requested the instruction for a second time at the charging conference and the trial court stated that it had carefully considered her request the night before and did not believe the record facts supported it. *Id.* at 18. She argues the trial court's remarks at the charging conference implicitly preserved the issue for appeal. *Id.* at 19.

"The issue of waiver presents a question of law, and, as such, our standard of review is de novo, and our scope of review is plenary." **Commonwealth v. Bloomer**, 327 A.3d 1282, 1286 (Pa. Super. 2024) (quotation marks and citation omitted).

- 5 -

Rule 647 of our Rules of Criminal Procedure permits parties to request jury instructions but requires a specific objection to any portions of, or omissions from, a charge to preserve the issue for appellate review:

> (B) Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests and which instructions shall be submitted to the jury in writing. The trial judge shall charge the jury after the arguments are completed.
>
> (C) No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

Pa.R.Crim.P. 647(B)-(C).

Rule 302(b) of our Rules of Appellate Procedure reiterates this requirement: "A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of." Pa.R.A.P. 302(b); **see also id.**, Note (stating that "[i]n the criminal context, the procedure for raising and preserving objections to a jury charge is found in Pa.R.Crim.P. 647(B) and (C)"); Pa.R.Crim.P. 603(B) (requiring a party to take formal exception to a court's ruling on the charge to the jury to preserve any claim of error).

The record reflects the following exchange at the charging conference held by the trial court before closing arguments:

THE COURT: So there are two justification defenses that [defense counsel] requested at the end of the day yesterday that I worked on and have some prepared for you now.

The first one is justification and use of force in self-defense. Did you have a chance -- I am sure you had ample opportunity to read that one.

Did you read that?

[DEFENSE COUNSEL]: Yes, I did.

THE COURT: Are you both satisfied with it?

[DEFENSE COUNSEL]: Yes.

[PROSECUTOR]: Yes.

THE COURT: The next one you have now is the Castle Doctrine. Did you get a chance to finish reading that?

\* \* \*

[DEFENSE COUNSEL]: Yes. The Defense is satisfied with the Castle Doctrine charge.

\* \* \*

[PROSECUTOR]: Okay. Yes.

THE COURT: … Anything else for the record before we go in for our closings?

[DEFENSE COUNSEL]: I did request the justification in regards to defense of others. So did the Court have a ruling on that?

THE COURT: [Prosecutor], what would you like to say about that?

[PROSECUTOR]: I would certainly object to that. There was no evidence to establish that. I believe they have to establish that with the preponderance of the evidence to get that instruction. Just for the self-defense there was no evidence in that regard. We would object.

THE COURT: I do agree with the Commonwealth. I read that instruction, which was just brought up yesterday around 4:00 [p.m.] at the last minute. I do want to point out there is a case management order and it should have been in a long time ago. However, of course I am considering everything because I don't want an ineffective assistance of counsel claim later because someone didn't submit something. So I considered it, read the instruction very carefully last night. I do not believe there are any facts of record to support it, so I am denying that request, but all our other requests were granted.

[DEFENSE COUNSEL]: Understood.

N.T., 6/8/2023, at 3-7.

After the trial court charged the jury and before it sent the jury to deliberate, the trial court held a sidebar with the prosecutor and defense counsel. *Id.* at 111. When the trial court asked if either attorney had "[a]nything further for the record," defense counsel failed to lodge any objection to the denial of the requested defense of others instruction or its omission from the trial court's charge to the jury. *Id.*

In **Pressley**, our Supreme Court "consider[ed] the proper procedure to preserve an issue respecting proposed jury instructions" under our Rules of Criminal Procedure. **Pressley**, 887 A.2d at 221. There, defense counsel requested two jury instructions, which the trial court denied before closing arguments. *Id.* at 221-22. Defense counsel did not object or take exception when the trial court denied the requests or after it charged the jury. *Id.* at 222. At the time, existing caselaw would have treated defense counsel's actions as adequately preserving the issue. *Id.* at 224. Our Supreme Court

- 8 -

thus took this opportunity to clarify the procedure for preserving an issue involving a jury instruction, prospectively holding:

> [U]nder [Pennsylvania] Criminal Procedural Rules 603 and 647(B), the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points.

*Id.* at 225 (footnote omitted).

In *Green*, this Court interpreted *Pressley* to conclude that under the circumstances of the case, the appellant preserved for appellate review his issues relating to jury instructions. *Green*, 273 A.3d at 1084. Defense counsel failed to object to the trial court's charge to the jury or request any supplemental instructions when asked by the trial court at the end of its charge. *Id.* at 1083-84. The record reflected, however, that during charging conferences spanning two days, defense counsel argued for self-defense and voluntary manslaughter instructions and the trial court, in rejecting counsel's requests, expressly "assured counsel on both days that the issues were preserved for appeal." *Id.* at 1084. Further, the *Green* Court noted that the trial court's opinion was silent as to waiver and addressed the jury instruction issues on the merits. *Id.* at 1083. In declining to find waiver, this Court explained that although an objection at the end of the charge would have eliminated the need to address waiver, it did not find that "preserving [the appellant's] objections on the record during the charging conferences, rather than at the end of the jury charge, where the trial court expressly informs

counsel his objections were preserved, runs afoul of **Pressley** or Rule 647(B)." **Id.** at 1084 (footnote omitted).

In the instant matter, **Pressley** controls as there is nothing in the record to indicate that Hildreth did anything more than submit the proposed instruction that the trial court denied. **See Pressley**, 887 A.2d at 225; **Green**, 273 A.3d at 1083. She did not object at any time on the record to the court's refusal to provide the defense of others instruction either during the charging conference or after the trial court charged the jury. When the trial court denied the requested instruction during the charging conference, defense counsel's only response was to say he "understood." **See** N.T., 6/8/2023, at 7. The record plainly shows he did not present any argument as to why the instruction should be given to the jury, much less object to the trial court's refusal to include it.

Further, unlike in **Green**, the trial court here never expressly informed defense counsel that the issue relating to the defense of others instruction was preserved for appeal, nor was the trial court silent on the issue of waiver in its opinion. Rather, the trial court concluded that Hildreth failed to preserve her jury instruction challenge. **See** Trial Court Opinion, 3/19/2024, at 9-11.

Our Rules of Criminal Procedure make it incumbent upon Hildreth to specifically object to the omission of the defense of others instruction to preserve the issue for appeal, but she failed to do so. **See** Pa.R.Crim.P. 603(B), 647(B)-(C); **see also** Pa.R.A.P. 302(b). Merely submitting the

instruction that the trial court denied, as Hildreth did here, was not enough to preserve the issue on appeal. *See Pressley*, 887 A.2d at 225; *see also, e.g., Commonwealth v. Davis*, 273 A.3d 1228, 1246 (Pa. Super. 2022) (concluding the appellant waived his jury instruction challenge where he made no specific objection or exception to the charge or the trial court's denial of his proposed instruction). Accordingly, we are constrained to agree with the trial court that Hildreth waived her jury instruction challenge and thus do not reach its merits.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/22/2026